Argued March 27, reversed and remanded May 26, petition for
rehearing denied June 22, petition for review
denied September 6, 1972

STATE OF OREGON, *Appellant, v.*
THOMAS A. NORTON (No. 4632), *Respondent.*
497 P2d 680

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Roy Kilpatrick*, John Day, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Plaintiff appeals from an order of the court below sustaining defendant's demurrer to the indictment and directing the district attorney to resubmit the matter to the grand jury. Defendant was accused in a two-count indictment of the crimes of stealing livestock, former ORS 164.380, and conversion of animals by persons in possession, former ORS 165.430.

The indictment reads as follows:

"THOMAS A. NORTON is accused by the Grand Jury of the County of Jefferson, State of Oregon, by this Indictment of the following crimes arising out of the same transaction:

"COUNT I

"STEALING LIVESTOCK          ORS 164.380

"The defendant, THOMAS A. NORTON, is accused of the crime of STEALING LIVESTOCK committed as follows:

"The defendant, THOMAS A. NORTON, between the dates of June 1, 1970 and April 19, 1971, in the

County of Jefferson and State of Oregon, then and there being, did wilfully and feloniously steal and take with the intention of converting to his own use, a cow, with intent to deprive the owners, J. J. Kaser and R. R. Kaser, permanently of said cow, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

## "COUNT II

"CONVERSION OF ANIMALS        ORS 165.430

"The defendant, THOMAS A. NORTON, is accused of the crime of CONVERSION OF ANIMALS, committed for and as a part of the same transaction alleged in Count I above, and committed as follows:

"The defendant, THOMAS A. NORTON, between the dates of June 1, 1970 and April 19, 1971, in the County of Jefferson and State of Oregon, then and there being, while having in his possession certain cattle owned by J. J. Kaser and R. R. Kaser, did wilfully and feloniously dispose of the same or some part thereof without the consent of said owners, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Plaintiff contends that the trial court erred in sustaining defendant's demurrer because it is not apparent on the face of the indictment that the two crimes could not be part of the same act or transaction. Plaintiff contends further that if the cow mentioned in the first count and the cattle mentioned in the second count are the same cattle, the complaint should be construed as pleading in the alternative that defendant either was guilty of stealing the cattle or converting them.

■ We are of the opinion that the trial judge erred

in sustaining defendant's demurrer to the above indictment. ORS 135.630 (3), which reads:

"The defendant may demur to the indictment when it appears upon the face thereof that:

"* * * * *

"(3) More than one crime is charged in the indictment;

"* * * * *",

must be read in conjunction with ORS 132.560, which provides:

"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.

"(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

■ In passing on the demurrer we are bound by what appears on the face of the indictment. ORS 135.630.

■ Inasmuch as the indictment alleges that both counts arose out of the same transaction and the acts alleged in each count could in fact have been committed as part of the same transaction, we hold that the indictment was good as against defendant's demurrer. *State v. Huennekens,* 245 Or 150, 420 P2d 384 (1966); *State v. Clipston,* 3 Or App 313, 473 P2d 682 (1970).

Reversed and remanded.