Argued September 5, reversed and remanded for trial
October 8, reconsideration denied November 15, 1979
petition for review denied January 3, 1980 (277 Or 253)

## STATE OF OREGON,
*Appellant,*

v.

## MICHAEL ALLEN MATHIE,
*Respondent.*

(No. 18-989B, CA 14693)

600 P2d 961

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Howard R. Lonergan, Portland, argued the cause for respondent. With him on the brief was A. I. Bernstein, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

The state appeals from an order allowing defendant's demurrer to an indictment which charged conspiracy to commit burglary in the first degree in Count I and "as part of the same act and transaction alleged in Count I" conspiracy to commit custodial interference in the first degree. The trial court found that the indictment did not conform to ORS 132.560[1] and ordered the indictment resubmitted to the grand jury.

We reverse and remand for trial.

In passing upon the validity of an indictment, the trial court is bound by the terms of the accusatory instrument. *State v. Norton,* 9 Or App 595, 497 P2d 680 (1972); *State v. Davis,* 1 Or App 285, 462 P2d 448 (1969). We are not here dealing with a problem of merging convictions. The indictment charged two crimes, not one. Apparently the trial court assumed that the indictment charged only one conspiracy, whereas by its terms it charged two separate and distinct conspiracies. The demurrer was improperly allowed. *State v. Huennekens,* 245 Or 150, 154, 420 P2d 384 (1966); *State v. Tucker,* 252 Or 597, 451 P2d 471 (1969); *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973).

Reversed and remanded for trial.

---

[1] ORS 132.560:

"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.

"(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."