# STATE OF OREGON,
*Appellant,*
*v.*
# RONALD EUGENE SWEET,
*Respondent.*

## (No. 79-1385M, CA 15693)

610 P2d 310

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Enver Bozgoz, Klamath Falls, waived appearance for respondent.

Before Joseph, Presiding Judge, and Richardson and Warden,* Judges.

JOSEPH, P. J.

---

*Warden, J., *vice* Lee, J., deceased.

**JOSEPH, P. J.**

The state contends the trial court erred in sustaining defendant's demurrer to a complaint charging defendant and 11 others with criminal mischief in the second degree, ORS 164.354(1)(b).[1]

The charging part of the complaint is set forth as follows:

"The above named defendants are accused * * * by this complaint of the crime of criminal mischief in the second degree, committed as follows, to-wit: That the said defendants on or about the date of July 8, 1979, in Klamath County, Oregon then and there being, and acting together, did unlawfully and recklessly damage: Aspen Lake meadow; Aspen Creek streambed; ten pine trees (standing timber); a tree plantation (13 trees); the Rock Creek Ranch Corral; and Weyerhauser *[sic]* Road # 212; the property of Weyerhauser *[sic]* Company: 1) By driving four wheel drive pickup trucks through Aspen Lake meadow causing numerous ruts and mud holes and; 2) By driving a Caterpillar D-8 bulldozer about six miles through, Aspen Creek streambed, Aspen Lake meadow, a Weyerhauser *[sic]* tree plantation; Weyerhauser *[sic]* timberland & on Weyerhauser *[sic]* road # 212 damaging about 50 feet of said road by operating said bulldozer with its rippers in the down position; damaging 10 pine trees by pushing them over or mangling them with said bulldozer; damaging 13 trees in a Weyerhauser *[sic]* tree plantation by crushing them with said bulldozer; damaging the Aspen Creek Streambed and Aspen Lake Meadow by driving said bulldozer through said areas leaving ruts up to over two feet in depth and 3) By tearing down

---

[1] ORS 164.354(1)(b):

"(1) A person commits the crime of criminal mischief in the second degree if:

"* * * * *

"(b) Having no right to do so nor reasonable ground to believe that he has such right, he intentionally *damages property of another,* or he recklessly *damages property of another* in an amount exceeding $100." (Emphasis supplied.)

[33]

portions of the Rock Creek Ranch Corral and using the wooden planks therefrom to attempt to free trucks which had become stuck in the mud, in an amount exceeding One Hundred Dollars, the said defendants having no right to do so nor reasonable ground to believe that they had such right, * * *."

In determining the validity of a complaint or an indictment, the trial court is bound by the terms of the accusatory instrument. *State v. Mathie,* 42 Or App 571, 600 P2d 961 (1979), *rev den* 288 Or 253 (1980); ORS 135.630. The key issue here is whether the complaint charges single or multiple offenses. Defendant demurred on the ground that the complaint charges more than one offense not separately stated. ORS 135.630(3).[2] The state contends that the complaint is not duplicitous, but only sets forth in one count several means of committing a single offense. ORS 132.560(1).[3]

We read the complaint to allege damage to multiple parcels of property arising from the same criminal episode.[4] However, that leaves the question of whether

_____

[2] ORS 135.630(3):

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(3) That the accusatory instrument charges more than one offense not separately stated;"

[3] ORS 132.560(1):

"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative."

[4] ORS 131.505(4):

"As used in ORS 131.505 to 131.525, unless the context requires otherwise:

"* * * * *

"(4) 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

[34]

the property belonged to one or several owners or possessors of the property.

The state contends that it is apparent from the complaint that Weyerhaeuser Corporation is the sole property owner involved. On the face of the complaint, however, it is impossible to determine whether one or several property owners were involved. Even if several were involved, that would not necessarily imply the commission of multiple crimes. Whether a single act or transaction constitutes multiple offenses depends on intent of the legislature. *State v. Gilbert,* 281 Or 101, 106, 574 P2d 313 (1978).

ORS 131.505 provides in pertinent part:

"As used in ORS 131.505 to 131.525, unless the context requires otherwise:

"* * * * *

"(3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more victims and the result is an element of the offense defined, there are as many offenses as there are victims."

Applying this statute in *State v. Gilbert, supra,* the Supreme Court held that when a defendant withholds the property of two or more victims at the same time and place, there are as many offenses as there are victims.

We have to determine what ORS 164.354(1)(b) was intended to protect. The essence of the crime of criminal mischief is *damaging property of another* without a legal right to do so. "Property of another" is defined as "property in which anyone other than the actor has a legal or equitable interest that the actor has no right to defeat or impair * * *." ORS 164.305(2). The commentary to the Proposed Oregon Criminal Code 148, § 141 (1970), states that this definition *"protects the person* who may be the lawful occupant of property, notwithstanding that the actor might have title or vice versa." (Emphasis supplied.) This demonstrates a

[35]

legislative intent to protect the interest of the owner or possessor in the property.

The victim of conduct constituting criminal mischief is the owner or possessor of the property damaged. Since there are as many offenses as there are victims, ORS 131.505(3), the demurrer to the complaint was properly sustained because, construing the complaint against the pleader, it appears to allege more than one offense not separately stated. ORS 135.630(3).

Affirmed.