Argued and submitted October 22, 1984, reversed May 15, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## NATHAN HYDER LIVINGSTON,
*Appellant.*

(81-02-30843; CA A31233)

699 P2d 1131

William Uhle, Oregon City, argued the cause and filed the brief for appellant.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., dissenting.

## YOUNG, J.

Defendant appeals his conviction for theft in the first degree, a felony. ORS 164.055. He argues that it was error to deny his demurrer to the indictment because the Statute of Limitations had run. We agree and reverse.[1]

On September 6, 1980, defendant bought a guitar and amplifier from a music store for $1550. He paid with a worthless check. On February 5, 1981, he was indicted for theft in the first degree and an arrest.warrant issued that date. On December 8, 1983, defendant was extradited from Pennsylvania and returned to Oregon. On January 25, 1984, a second indictment was returned that also charged defendant with first degree theft, although it alleged criminal acts different from those alleged in the first indictment. On January 27, 1984, the original indictment was dismissed on the state's motion. The second indictment alleges in part:

"The above named defendant is accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of the crime of Theft in the First Degree committed as follows: the said defendant, on or about September 6, 1980, in the county of Multnomah, State of Oregon, did unlawfully and knowingly commit theft of merchandise, of the total value of more than $200, the property of Apple Music Company, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

"Dated January 25, 1984 at the City of Portland, in the county aforesaid."[2]

Defendant demurred, pursuant to ORS 135.630(5),[3] and argued that it is apparent from the face of the indictment that the pertinent three-year Statute of Limitations had run

---

[1] Defendant's remaining assignments of error are moot.

[2] The original indictment alleged that defendant, "on or about September 4, 1980," committed theft of "currency * * * the property of Kelley Howard * * *."

[3] ORS 135.630(5) provides:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(5) That the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action."

before the prosecution was commenced and that therefore, the action was barred. The trial court denied the demurrer but required the state to prove as an element of its case in chief that the statute had been tolled.

An indictment must allege that the offense "was committed on, or on or about, a designated date, or during a designated period of time." ORS 132.550(6). One of the guidelines for testing the sufficiency of the allegations with respect to a designated date or period of time is ORS 132.540(1)(c):

"The indictment is sufficient if it can be understood therefrom that:

"* * * * *

"(c) The crime was committed at some time prior to the finding of the indictment *and within the time limited by law for the commencement of an action therefor.*" (Emphasis supplied.)[4]

Criminal actions must be "commenced" within certain statutory time limitations. ORS 131.105. In general, the time limitation for first degree theft, a felony, is three years. ORS 131.125(2). A prosecution is "commenced" when a warrant or other process is issued. ORS 131.135. For the purpose of computing the limitation period, the "time starts to run on the day after the offense is committed," ORS 131.145(1), except that the period of limitation is tolled during "[a]ny time when the accused is not an inhabitant of or usually resident within this state," ORS 131.145(2)(a), or secrets himself within the state to avoid process. ORS 131.145(2)(b).

It is apparent on the face of the indictment that it was returned on January 25, 1984, which is more than three years after the date when the felony is alleged to have been committed. The state contends that the period of limitation was tolled, because defendant, during part of the relevant time period, was out of the state. There are, however, no facts alleged in the indictment that would toll the limitation. Without such allegations it cannot be "understood" that "the

---

[4] Although defendant relied on ORS 135.630(5) at trial, we note that ORS 135.630(2) provides grounds for demurrer if the indictment does not "substantially conform to", *inter alia*, ORS 132.540(1)(c).

crime was committed * * * within the time limited by law for the commencement of an action." ORS 132.540(1)(c).

The state argues that the prosecution was "commenced" February 5, 1981, when the warrant of arrest was issued pursuant to the original indictment. ORS 131.135.[5] The issuance of a warrant commences the prosecution and operates to toll the statute if the warrant is executed without unreasonable delay. *State v. Barnes,* 66 Or App 896, 676 P2d 344 (1984). We are not here required to determine whether the delay between issuance of the warrant in February, 1981, and its execution in December, 1983, was unreasonable, because the fact of issuance does not appear on the face of the second indictment before us. We must review the indictment solely on the basis of the facts alleged. *State v. Mathie,* 42 Or App 571, 600 P2d 961 (1979), *rev den* 288 Or 253 (1980). The indictment shows on its face that it was filed after the period of limitation. It is substantively defective, and it was error to disallow the demurrer.

Reversed.

**VAN HOOMISSEN, J.,** dissenting.

I disagree with the majority's conclusion that the trial judge erred in overruling defendant's demurrer to the indictment. Therefore, I respectfully dissent.

This is a case of first impression in Oregon. There is authority from other states that supports the majority's conclusion that a charging instrument is defective if it does not allege facts tolling the Statute of Limitations. However, there is also federal and state authority that supports the conclusion that the question of limitations is merely a matter of proof at trial. *See Annot,* "Necessity of Alleging in Indictment or Information Limitation-Tolling Facts," 52 ALR3d 922. I find the latter authority more persuasive.

---

[5] ORS 131.135 provides:

"A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."

A warrant is issued "[w]hen an accusatory instrument is filed in court, if the defendant has not been arrested and held to answer the charge." ORS 135.035. In this case, defendant was arrested on the warrant issued pursuant to the original indictment.

The trend in Oregon has been to require less specificity in charging instruments because of our very liberal discovery practice. In *State v. Keys,* 25 Or App 15, 21, 540 P2d 205, *rev den* (1976), Chief Judge Schwab explained:

"The rationale in the cases has been that, although the defendant has a constitutional right to notice, this need not be accomplished solely by the indictment. Notice can be based on the indictment plus the language of the relevant statute. Notice can be based on the indictment plus the relatively new criminal discovery statutes. And the ultimate form of notice is the prosecution's evidence; we have held that if the defendant is genuinely surprised thereby, he is entitled to a continuance."[1]

For that reason, the state should not be required to allege facts in a charging instrument that bring a case within a statutory exception that permits tolling of the limitations statute. Here, the trial judge required the state to prove, as an element of its case in chief, that the statute was, in fact, tolled.[2] That should be sufficient.

Defendant's second assignment of error contends that the trial judge erred in denying his motion to exclude certain evidence because of an alleged discovery violation. I would find no error. *See State v. Wolfe,* 273 Or 518, 542 P2d 482 (1975). Defendant's third assignment of error contends that the trial judge erred in denying his motion for judgment of acquittal. Again, I would find no error. *See State v. Kincaide,* 43 Or App 73, 602 P2d 307 (1979). Accordingly, I would affirm defendant's conviction.

---

[1]*See City of Portland v. Aziz,* 47 Or App 937, 943, 615 P2d 1109 (1980); *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 120, 517 P2d 324 (1973).

[2]Defendant was extradited from Pennsylvania on December 8, 1983, for trial on the theft charge. The majority opinion states that the 1984 indictment alleged criminal acts different than those alleged in the 1981 indictment. However, the order dismissing the 1981 indictment provides in relevant part:

"It appearing to the court that said indictment was insufficient in the allegation charged and said defendant has subsequently been charged by way of indictment dated January 25, 1984 on the within case numbers, charging the same facts and circumstances as the within indictment * * *."

That language supports the state's contention that the 1984 indictment is a continuation of the original prosecution and not a new prosecution for a different crime.