## STATE OF OREGON,
*Respondent,*

*v.*

## LESLIE WALLACE BOVEE,
*Appellant.*

(10 79 09278; CA A34694)

710 P2d 786

Robert J. McCrea, Eugene, argued the cause for appellant. With him on the brief was McCrea, P.C., Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for sodomy in the second degree. ORS 163.395. The issue is whether the indictment on which the state proceeded to trial satisfies the statutory requirement that it show that the crime was committed within the period of the Statute of Limitations. We reverse.

Sodomy in the second degree is a felony, ORS 163.395(2), the prosecution of which must be commenced within three years. ORS 131.125(2)(a). "A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." ORS 131.135.

The alleged sodomy occurred on October 31 or November 1, 1976. On October 1, 1979, the grand jury returned an indictment against defendant, and an arrest warrant was issued. Due to a typographical error, the indictment alleged that the sodomy occurred on or about October 31, *1979*. On March 26, 1980, the trial court denied the state's motion to amend the indictment to correct the error but granted the state's motion to resubmit the case to the grand jury. On March 27, 1980, the grand jury returned an indictment captioned "RESUBMITTED INDICTMENT," which provided in pertinent part:

> "The above named defendant is accused by the Lane County Grand Jury of the crime of SODOMY IN THE SECOND DEGREE committed as follows:
>
> "The defendant on or about the 31st day of October, 1976, in the county aforesaid, did unlawfully and knowingly engage in deviate sexual intercourse with * * *, a person thirteen years of age; contrary to statute and against the peace and dignity of the State of Oregon.
>
> "Dated this 1st day of October, 1979, at Eugene, Lane County, Oregon. Resubmitted this 27th day of March, 1980, at Eugene, Lane County, Oregon."

It bears a stamp indicating that it was filed on March 27, 1980. Defendant filed a demurrer challenging that indictment on the ground that it did not show on its face that the state had commenced the prosecution within the Statute of Limitations. Defendant also moved for a judgment of acquittal before

trial on the same ground. The trial court overruled defendant's demurrer and denied his motion for acquittal. The case proceeded to trial. Defendant renewed and the court denied his motion for judgment of acquittal. He also excepted to the trial court's refusal to instruct the jury that, to find defendant guilty, it must find that the sodomy occurred within three years of March 27, 1980. The jury found defendant guilty.

■    On appeal, defendant assigns error to the trial court's adverse rulings. The argument portions of the parties' briefs are devoted principally to the issue of whether the prosecution was in fact commenced within the Statute of Limitations. However, we do not decide the case on that issue. In the lower court, and again at oral argument before this court, defendant challenged the sufficiency of the indictment. That is the issue we find to be dispositive. ORS 132.540(1)(c) provides:

> "(1)   The indictment is sufficient if it can be understood therefrom that:

> "(c)   The crime was committed at some time prior to the finding of the indictment and within the time limited by law for the commencement of an action therefor."

The resubmitted indictment does not meet that standard. Indeed, the indictment is confusing. It contains two dates on which it was purportedly returned, one within the Statute of Limitations and one not. It does appear from the file date and the resubmittal date that the indictment on which defendant was tried was returned by the grand jury on March 27, 1980. Consequently, it does not show on its face that prosecution was commenced within the statutory period. The state argues that from the fact that it is entitled "Resubmitted Indictment" and states that it is dated October 1, 1979, it can be understood that an original indictment had commenced the prosecution within the relevant time period. However, the procedural posture of this case *vis-a-vis* commencement of the prosecution can only be understood by considering evidence external to the indictment. As we said in *State v. Livingston,* 73 Or App 551, 555, 699 P2d 1131 (1985):

> "* * * We must review the indictment solely on the basis of the facts alleged. *State v. Mathie,* 42 Or App 571, 600 P2d 961 (1979), *rev den* 288 Or 253 (1980). The indictment shows on its face that it was filed after the period of limitation. * * *"

■ The state also argues that the prosecution was commenced, as defined in ORS 131.135, when a warrant was issued on October 1, 1979, on the basis of the first indictment. The facts which are relied on to toll the Statute of Limitations must be set forth in the indictment to survive a demurrer for failure to comply with ORS 132.540(1)(c). *State v. Livingston, supra.* The court erred in overruling defendant's demurrer.

Reversed.