Argued and submitted October 23, 2012, reversed and remanded with instructions to enter an order granting defendant's demurrer to the 2007 information July 10, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CINDY ANN GRUHLKE,
aka Cindy Hoep,
*Defendant-Appellant.*

Klamath County Circuit Court
0200995CR; A147055

306 P3d 773

Bronson D. James argued the cause for appellant. With him on the brief was JDL Attorneys LLP.

David B. Thompson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for driving while under the influence of intoxicants (DUII) and challenges the trial court's denial of her demurrer to the accusatory instrument, a 2007 district attorney's information, and her motion to dismiss the information. She contends that the information was void when it was filed based on the prohibition against double jeopardy or was ineffective because the state failed to seek leave to file it under ORS 135.670(1). Alternatively, she argues that the information was defective because it did not on its face contain allegations of facts that would establish that the prosecution was timely commenced. We agree with defendant's alternative argument, and so we reverse and remand with instructions to the trial court to enter an order granting defendant's demurrer.

This case is before us for a third time, and the relevant facts are entirely procedural. On April 20, 2002, defendant was issued uniform citations and complaints for DUII and attempting to elude police. Defendant was then charged by way of a district attorney's information on April 22. That information was superseded by an indictment filed on April 30, again charging defendant with felony attempt to elude and misdemeanor DUII for the April 20, incident. After defendant successfully demurred to that indictment, the state filed an "Amended Indictment" in November 2004, which again charged the same April 2002 offenses. Defendant again demurred and moved to dismiss, arguing that the amended indictment started a new case and, with respect to the DUII charge, was filed beyond the two-year statute of limitations. The trial court overruled the demurrer and denied the motion to dismiss. In 2005, defendant entered a conditional guilty plea to the DUII charge, with the state's dismissal of the felony attempt to elude charge. She then appealed her DUII conviction arising from the 2004 indictment.

Although the 2004 indictment, on its face, charged crimes that had occurred more than two years before its issuance, it did not contain allegations of "any facts that would demonstrate that the state commenced the prosecution" in

a timely fashion. *State v. Gruhlke*, 214 Or App 169, 170, 162 P3d 380 (2007). The indictment, we held, did not satisfy the requirements of ORS 132.540(1)(c). *Id.* Under that statute, an indictment is sufficient if it can be understood to allege that the crime "was committed at some time prior to the finding of the indictment and within the time limited by law for the commencement of an action therefor." We accepted the state's concession in *Gruhlke* that "the trial court erred in failing to dismiss the indictment," and we reversed and remanded defendant's 2005 conviction. 214 Or App at 170.

In the meantime, while defendant's appeal in *Gruhlke* was pending, the state filed yet another accusatory instrument in May 2007 titled, "AMENDED INFORMATION OF DISTRICT ATTORNEY." That information again charged defendant with DUII for the same April 20, 2002, incident. It also included the following additional allegation:

> "The state further alleges that the prosecution was originally commenced and consistently maintained thereafter prior to the expiration of the original statute of limitations."

Once we decided *Gruhlke* and remanded the case to the trial court, defendant sought dismissal of both the 2004 indictment and the 2007 information because they each alleged that defendant had committed the DUII offense more than two years—the limitation period for misdemeanors—before the dates of the accusatory instruments. In response, the state argued that the 2004 indictment was superseded by the 2007 information, which in turn had cured the pleading deficiency that plagued the 2004 indictment.

In 2008, the trial court denied defendant's motion to dismiss and entered an amended judgment of conviction, which defendant appealed. We eventually vacated the judgment upon a joint motion of the parties, because the plea for that conviction was deficient. We then remanded the case to the trial court a second time, in March 2010.

On remand, defendant had new defense counsel and relitigated the propriety of the 2007 information through another demurrer and motion to dismiss. The state argued on the merits that the trial court should adhere to its ruling

in 2008. The court did so, again denying defendant relief, but it issued two written opinions explaining why it was rejecting defendant's arguments. Defendant entered a conditional guilty plea to DUII, and the court entered a judgment of conviction in 2010.

Defendant's current appeal challenges the rulings related to the 2007 information upon which her 2010 conviction rests. She assigns error to the trial court's denial of her demurrer and motion to dismiss and raises three principal arguments, which she also relied upon in the trial court. In two of those arguments, defendant challenges the validity of the 2007 information. First, she contends that the information was void upon filing and should have been dismissed based on the double jeopardy prohibition under state and federal law. Second, she argues, the information was rendered ineffective after *Gruhlke*, because the state was required to seek leave of the court to file it under ORS 135.670(1), which the state did not do. We need not decide the merits of either of those arguments, because we agree with defendant's third, alternative argument that the trial court erred when it denied her demurrer based on the statute of limitations.

In denying the demurrer, the trial court (1) concluded that the 2007 information was sufficiently alleged and (2) determined by going beyond the face of the information that the DUII charge was timely. First, the court rejected defendant's argument based on case law applying ORS 135.630(2)[1] and ORS 132.540(1)(c)[2] that a court must look

---

[1] ORS 135.630 provides, in part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"*****

"(2) *If the accusatory instrument is an indictment*, that it does not substantially conform to the requirements of ORS 132.510 to 132.560 ***[.]"

(Emphasis added.)

[2] ORS 132.540(1) provides, in part:

"*The indictment* is sufficient if it can be understood therefrom that:

"*****

"(c) The crime was committed at some time prior to the finding of *the indictment* and within the time limited by law for the commencement of an action therefor."

(Emphasis added.)

only at the face of the information and determine whether the information affirmatively establishes timely prosecution through specific factual allegations, because those provisions apply by their terms to an indictment, not an information. The court concluded instead that defendant brought her demurrer to the information as to timeliness of the DUII prosecution under ORS 135.630(5). Under ORS 135.630(5), a "defendant may demur to the accusatory instrument when it appears upon the face thereof" that "the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action * * *." The trial court concluded that the 2007 information was not subject to demurrer because its contents did not establish that the DUII charge was untimely. The court so concluded given the conclusory allegation that "the prosecution was originally commenced and consistently maintained thereafter prior to the expiration of the original statute of limitations."

Second, the court concluded that whether the DUII charge was timely was dependent on when prosecution for the offense was first commenced, not the date of the last charging instrument, the 2007 information. The court reasoned that the applicable statute of limitations, ORS 131.125(6)(b), requires that a prosecution for DUII, a Class A misdemeanor, must be "commenced" within two years after its commission. In addition, the court observed, ORS 131.135 defines when an action is "commenced": "when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." The court observed that the DUII charge was initially commenced when the state issued defendant a uniform citation and complaint, constituting "other process" for purposes of ORS 131.135, *see, e.g.,* *State v. Anglin,* 227 Or App 325, 329, 206 P3d 193, *rev den,* 346 Or 364 (2009), which happened on April 20, 2002, the date of the offense.

We review the court's ruling on the demurrer regarding the timeliness of the prosecution for errors of law. *State v. Cervantes,* 232 Or App 567, 580, 223 P3d 425 (2009). On appeal, defendant primarily asserts that the information was subject to demurrer because, like an indictment, an information must contain sufficient allegations of fact that

establish that the charged offense is timely brought, noting parallel statutory requirements for the sufficiency of indictments and other accusatory instruments. Given the face of the information—reflecting only that the offense had been committed in 2002, that the information was filed in 2007, and a conclusory statement asserting that the prosecution was timely—and case law requiring specificity of pleading in indictments, defendant contends that the information was insufficient. The state contends that the date of an information is irrelevant to when a prosecution actually is commenced and asserts that the allegation that the DUII prosecution was timely commenced and continuously maintained against defendant sufficed to save the indictment from demurrer. For the following reasons, we agree with defendant.

In 1973, the legislature enacted a comprehensive new Criminal Procedure Code. Or Laws 1973, ch 836, §§ 1-359; *State v. Hammang*, 271 Or 749, 760, 534 P2d 501 (1975), *overruled on other grounds by State v. Knowles*, 289 Or 813, 822, 618 P2d 1245 (1980). Pursuant to ORS 132.510, part of that code, "forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by the statutes relating to criminal procedure." Two different statutes in the code address the sufficiency of indictments, ORS 132.540, and informations and complaints, ORS 133.007. In 1973, what is now numbered as ORS 133.007 was enacted. Or Laws 1973, ch 836, § 63. What is now numbered as ORS 132.540 was the product of an amendment of an existing statute. Or Laws 1973, ch 836, § 57. The first subsections of each of those statutes, addressing sufficiency of allegations, were made equivalent, with nomenclature differences based on the procedural differences between indictment by a grand jury and issuance of informations and complaints:

"Section 57. **(Matters indictment must import; previous conviction not to be alleged; use of statutory language.)** ORS 132.540 is amended to read:

"132.540. (1)   The indictment is sufficient if it can be understood therefrom that:

"* * * * *

"[(c)] **(a)** The defendant is named, or if his name cannot be discovered, that he is described by a fictitious name, with the statement that his real name is to the jury unknown.

"[(d)] **(b)** The crime was committed within the jurisdiction of the court, except where, as provided by law, the act, though done without the county in which the court is held, is triable therein.

"[(e)] **(c)** The crime was committed at some time prior to the finding of the indictment and within the time limited by law for the commencement of an action therefor."

"**SECTION 63. (Sufficiency of information or complaint.)** (1)  An information or complaint is sufficient if it can be understood therefrom that:

"(a)  The defendant is named, or if his name cannot be discovered, that he is described by a fictitious name, with the statement that his real name is unknown to the complainant.

"(b)  The offense was committed within the jurisdiction of the court, except where, as provided by law, the act, though done without the county in which the court is held, is triable within.

"(c)  The offense was committed at some time prior to the filing of the information or complaint and within the time limited by law for the commencement of an action therefor."

Or Laws 1973, ch 836, § 57 (boldface in original); *see also* Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Procedure Code, Final Draft and Report §§ 90 & 91, 53 (Nov 1972) ("Sections 90 [Or Laws 1973, ch 836, § 63] and 91 are slightly altered versions of the provisions covering the form, content and sufficiency of indictments.").

The provision relevant to the allegation of timeliness of the prosecution of the DUII offense in the 2007 information remains unchanged from 1973. *See* ORS 133.007(1)(c) ("An information or complaint is sufficient if it can be understood therefrom that * * * [t]he offense was committed at some time prior to the filing of the information or complaint and within the time limited by law for the

commencement of an action therefor."). Likewise, the current provision relevant to an allegation in an indictment as to the timeliness of prosecution remains unchanged from 1973. *See* ORS 132.540(1)(c). Therefore, the requirements for the sufficiency of an indictment and of an information as to timeliness of prosecution, contained respectively in ORS 132.540(1)(c) and ORS 133.007(1)(c), were designed to be and are, in relevant respects, the same.

Although the trial court observed that defendant's challenge to the information was properly brought under ORS 135.630(5), not ORS 135.630(2) and ORS 132.540(1)(c) relating to indictments, defendant argues that that distinction makes no difference given the almost identical language in the latter provision and ORS 133.007(1)(c). In light of the discussion above, we agree with defendant that, when reviewing the sufficiency of an information as to timeliness of prosecution under ORS 135.630(5), we are required by ORS 132.510 and ORS 133.007(1)(c) to apply the same analysis used under ORS 132.540(1)(c).

As for that specific analysis, defendant relies on *State v. Bovee*, 76 Or App 572, 710 P2d 786 (1985), *rev den*, 300 Or 605 (1986), and a number of similar cases, such as *State v. Livingston*, 73 Or App 551, 699 P2d 1131 (1985), all applying ORS 132.540(1)(c). Those cases make clear that the state must plead specific facts (or else it must be evident otherwise on the face of the indictment) that prosecution is timely.

In *Livingston*, we concluded that an amended indictment, which on its face indicated it was filed after the statute of limitations had expired, was defective. The state argued that the prosecution was "commenced" when the warrant of arrest was issued pursuant to the original indictment and that the period of limitation was tolled while the defendant was out of the state. We rejected that argument because the state had failed to allege the specific facts concerning that issuance in the second indictment at issue on appeal. *Livingston*, 73 Or App at 554-55. We held that we were obligated to "review the indictment solely on the basis of the *facts alleged." Id.* at 555 (emphasis added).

We followed *Livingston* in *Bovee*, when the grand jury's original indictment inadvertently alleged the wrong year in which the crime had occurred and, after the three-year statute of limitations had run in 1980, the grand jury returned another indictment captioned "RESUBMITTED INDICTMENT" that stated the correct 1976 date of the crime. *Bovee*, 76 Or App at 574. The defendant demurred to the indictment on the ground that the indictment failed to show on its face that the state had commenced prosecution within the limitations period, and we agreed:

> "The resubmitted indictment does not meet that [ORS 132.540(1)(c)] standard. * * * It does appear from the file date and the resubmittal date that the indictment on which defendant was tried was returned by the grand jury on March 27, 1980. Consequently, it does not show on its face that prosecution was commenced within the statutory period. The state argues that from the fact that it is entitled 'Resubmitted Indictment' and states that it is dated October 1, 1979, it can be understood that an original indictment had commenced the prosecution within the relevant time period. However, the procedural posture of this case *vis-a-vis* commencement of the prosecution can only be understood by considering evidence external to the indictment."

*Id.* at 575. We also explained that any *"facts"* relied on to toll the statute of limitations "must be set forth in the indictment to survive a demurrer for failure to comply with ORS 132.540(1)(c)." *Id.* at 576 (emphasis added).

Based on that framework concerning the sufficiency of indictments, defendant argues that, given the 2007 issuance of the information and the April 20, 2002, date of the alleged crime, the information demonstrates, on its face, untimely prosecution. *See* ORS 135.630(5) (demurrer is permitted when the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action). The state argues that defendant is incorrect given the additional allegation in the 2007 information that the prosecution had been "originally commenced" and "consistently maintained thereafter" before the statute of limitations expired. And, the state adds, because for statute of limitations purposes,

the date the prosecution was commenced is the key date, *see* ORS 131.105 ("A criminal action must be commenced within the period of limitation prescribed in ORS 131.125 to 131.155."), and not the date the charging instrument issued, the allegations in the information do not provide grounds for concluding that the action is time barred. In fact, the information unambiguously alleges just the opposite.

Applying a "four corners" analysis of the information under ORS 135.630(5), we agree with defendant that the additional, conclusory allegation in the 2007 information is insufficient to establish a timely prosecution of the DUII charge due to the time gap of over five years between the date of the information and the date of the offense and the requirement in *Livingston* and *Bovee* that the state plead "facts" to demonstrate timeliness. The information expressly states only that (1) the prosecution had been "originally commenced" before the statute of limitations had expired, but does allege when or how, and (2) the prosecution was "consistently maintained thereafter," but again does not explain how, by alleging specific facts, such as those that would establish the basis for tolling of the statute of limitations, that is true. Even had defendant known and agreed that extrinsic facts established timely prosecution, which defendant disputes, or had the state provided a legal analysis of why the prosecution of the DUII offense remains timely despite the procedural complexities of the case—DUII citation in 2002 followed by our reversal of an order denying a demurrer to a 2004 indictment and a superseding 2007 information—we would not consider evidence external to the information. The 2007 information is insufficient.

Reversed and remanded with instructions to enter an order granting defendant's demurrer to the 2007 information.