Argued October 4, reversed November 23, petition for rehearing
denied December 13, 1966

STATE OF OREGON *v.* RICHARD LEE
HUENNEKENS

420 P. 2d 384

*Jacob B. Tanzer,* Deputy District Attorney, Port-land, argued the cause for appellant. On the brief were George Van Hoomissen, District Attorney and George M. Joseph, Deputy District Attorney, Port-land.

*William E. Hurley,* Portland, argued the cause for respondent. On the brief were Bernard, Bernard & Hurley, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Defendant was charged in an indictment which contained two counts as follows:

"COUNT I.

"RICHARD LEE HUENNEKENS is accused by the Grand Jury of the county of Multnomah and the State of Oregon, by this indictment of the crime of RAPE committed as follows:

"The said RICHARD LEE HUENNEKENS on or about the 24th day of March, A.D. 1966, in the County of Multnomah and State of Oregon, did unlawfully and feloniously forcibly ravish one Delores Marie Andersen, a female, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"COUNT II.

"Further, for and as a part of the same act and transaction alleged and hereinabove set forth in Count I of this indictment and connected therewith, he, the said RICHARD LEE HUENNEKENS, is accused by the Grand Jury of the County of Multnomah and State of Oregon, by this indictment, as hereinafter set forth in this said count, of the crime of SODOMY committed as follows:

"The said RICHARD LEE HUENNEKENS on or about the 24th day of March, 1966, in the County of Multnomah and the State of Oregon, did unlawfully and feloniously sustain osculatory relations with the private parts of one Delores Marie Andersen, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Defendant demurrered to the indictment. The trial court held that the two counts were improperly joined and sustained the demurrer. The state appeals, contending that the statute (ORS 132.560) permits the joining.

Before 1933 the statute restricted an indictment to one crime. Since an amendment of that date the statute has read:

"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.

"(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

This is the first multiple count indictment case to reach this court since the statute was amended. And in this case it is only necessary to decide if the demurrer should have been sustained. Consequently, it is not necessary now to attempt to answer the more abstract question of the definitional limits of "the same act or transaction." The decisions indicate it is not possible, in any given case, to find an ultimate definition.

For our immediate purpose here it is sufficient to say that the idea permeates the cases that to be joined the charges must relate to conduct or acts that are concatenated in time, place and circumstances and that the evidence of one charge would be relevant and admissible with the evidence of other charges. The

Washington court, where the statute uses more liberal language of joinder than ours, has stated the idea as directly and simply as any by saying "They must be held * * * [as] part of the same transaction where evidence of one includes evidence of the other." *State v. Winters,* 1951, 39 Wash2d 545, 236 P2d 1038, 1042. This language is approved and repeated in *State v. Courville,* 1963, 63 Wash2d 498, 387 P2d 938, 940. In *Pointer v. United States,* 1894, 151 US 396, 14 S Ct 410, 38 L ed 208, at 212, a case involving a Federal statute, also more liberal than our own, the court said "There was such close connection between the two killings, in respect of time, place and occasion, that it was difficult, if not impossible, to separate the proof of one charge from the proof of the other." In *Drew v. United States* (CCADC 1964) 331 F2d 85, at page 90 (Footnote), after reviewing the purpose and hazards of joinder and of the rules relating to evidence of other crimes in separate trials as a test of proper joinder, it was stated: "That the admissibility of the other crimes evidenced in separate trials is a highly significant factor in determining whether joinder is prejudical is made clear by an examination of many cases affirming a refusal of the trial judge to require severance or an election. [citing cases]. In each case the court indicated that evidence of one of the crimes would have been admissible in a separate prosecution of the other." The *Drew* case indicates that it is only in some of the federal courts that the admissibility of the evidence rule has not been applied.

In the instant case we do not know what the evidence will disclose. The evidence relating to each crime charged may be severable and distinct without any reference to the other charge. It may be so intermingled that separate presentation of the evidnce

would not be possible or understandable. *State v. Kristich,* 1961, 226 Or 240, at 245, 359 P2d 1106, 1109. *State v. Weitzel,* 1937, 157 Or 334, at 344, 69 P2d 958, was a case in which sodomy and rape were alleged to have been committed at the same time. Even though the charges were contained in separate indictments it was necessary to decide, however, whether evidence of the alleged rape was admissible in the trial of the sodomy indictment, we held:

> "Appellants complain of the admission in evidence of the facts and circumstances surrounding the attempted rape. It is asserted that such evidence has no relevancy to the charge of sodomy. The law is well settled that, when several criminal acts are so connected with the defendant, with respect to time and locality, that they form an inseparable transaction, and a complete account of the offense charged in the indictment cannot be given without detailing the particulars of such other acts, evidence of the entire transaction is admissible, even though it may disclose the commission of another crime: * * *."

It is apparent, therefore, that sodomy and rape can be part of the same transaction.

■■ The indictment, in the instant case, charges in the language of the statute, that the sodomy occurred as a part of the same act and transaction as the rape. We have repeatedly held that an indictment in the language of a statute is good against a demurrer. *State v. Laundy,* 1922, 103 Or 443, 204 P 958, 206 P 290. Since it does not appear on the face of the indictment that the two crimes charged could not be a part of the same transaction, the demurrer must be overruled.

We are not required to decide, as suggested by the trial court's opinion, what other remedies may be available to defendant, if at trial, the evidence does not

support the indictment. See *State v. Laundy, supra,* and *Orfield, Relief from Prejudicial Joinder in Federal Criminal Cases,* 1961, 36 Notre Dame Lawyer 276.

Reversed.