On respondent's petition for reconsideration filed April 26, 2016, reconsideration allowed, former opinion (277 Or App 137, 370 P3d 904) adhered to June 1; petition for review denied September 14, 2017 (361 Or 886)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LATRELL EARVIN POSTON,
*Defendant-Appellant.*

Multnomah County Circuit Court
120431530; A152933

399 P3d 488

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for respondent's petition.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**ARMSTRONG, P. J.**

The state has petitioned for reconsideration of our decision in this case in which we held that ORS 132.560 requires the state to allege in a charging instrument the basis for joinder of the crimes charged in it. *State v. Poston*, 277 Or App 137, 144-45, 370 P3d 904 (2016). It contends that we erred in our construction of the statute and in our disposition of the case. We grant the state's petition but adhere to our decision on reconsideration.

As we recognized in our original opinion, ORS 132.560 specifies the grounds on which charges may be joined in a charging instrument. The requirements that the statute imposes for joinder, in turn, are enforceable by demurrer under ORS 135.630(2), which tests whether an indictment shows on its face that the joinder requirements have been met. Taken together, those provisions specify what the state must allege in an indictment to show that the charges contained in it have been lawfully joined.

In that light, we readily reject the state's contention on reconsideration that we misunderstood *State v. Huennekens*, 245 Or 150, 420 P2d 384 (1966). The court held in *Huennekens* that an indictment that joined rape and sodomy charges against the defendant survived a demurrer because the indictment alleged that the charges were part of the same act and transaction, which is one of the grounds in ORS 132.560 under which charges can be joined. *See id.* at 154. In the state's view, *Huennekens* established that an allegation that shows that the joinder requirements have been met *is sufficient* to show that the charges have been lawfully joined under ORS 132.560, but the case did not establish that such an allegation *is necessary* to show that the charges have been lawfully joined.

The state's argument ignores that the legislature made ORS 132.560—the statute that specifies the grounds under which charges may lawfully be joined—a statute that is subject to challenge by demurrer under ORS 135.630(2). The demurrer statute, in turn, serves to test whether an indictment shows on its face that it conforms with the requirements of the statutes that are subject to challenge by demurrer. *See* ORS 135.630(2); *State v. Molver*, 233 Or

App 239, 243-49, 225 P3d 136, *rev den,* 348 Or 291 (2010). An indictment that is silent on whether the requirements for joinder specified in ORS 132.560 have been met cannot be said to be one that shows on its face that it conforms with those requirements.

As *Huennekens* held, one way to show compliance with the joinder statute is to include in the indictment the applicable statutory language that authorizes the state to join the charges in a single charging instrument. As we recognized in our original opinion, another way to do that is to allege facts in the indictment sufficient to establish compliance with the joinder statute. *Poston,* 277 Or App at 145-46. However, as we held, an indictment that does neither of those things is not one that shows on its face that the charges in it have been lawfully joined and, hence, is an indictment that can be successfully challenged by demurrer.

The state also contends that we erred in our understanding of the federal rule that the Oregon legislature emulated when it amended ORS 132.560 in 1989, FRCrP 8. In construing the 1989 amendment, we relied on federal cases that predated the amendment, which we understood to have established that the government is required to allege in the charging instrument the basis on which the charges have been lawfully joined. *Poston,* 277 Or App at 144. According to the state, we erred in relying on the cited cases for that principle because the cases involved the propriety of joinder under FRCrP 8(b)—which governs the joinder of defendants—and not the propriety of joinder under FRCrP 8(a)—which governs the joinder of charges. In its view, the federal courts have distinguished between FRCrP 8(a) and FRCrP 8(b) regarding the pleading requirements that they impose, and we erred in failing to recognize that distinction.

Although the cases on which we relied that predated the 1989 amendment happened to have involved joinder under FRCrP 8(b) rather than under FRCrP 8(a), the principle that the cases established—*viz.,* that the propriety of joinder is determined by the allegations in the charging instrument—was not limited to FRCrP 8(b) and did not turn on the language of that rule. The cases based their discussion of the pleading requirement for joinder on FRCrP 8,

that is, on the rule that governs joinder, and not on the specific requirements of either of the subdivisions of the rule. *See United States v. Lane*, 474 US 438, 447, 106 S Ct 725, 88 L Ed 2d 814 (1986); *United States v. Harrelson*, 754 F2d 1153, 1176 (5th Cir), *cert den*, 474 US 908, 1034 (1985); *United States v. Bledsoe*, 674 F2d 647, 655 (8th Cir), *cert den*, 459 US 1040 (1982).

Moreover, contrary to the state's contention, the federal courts have *not* distinguished between FRCrP 8(a) and FRCrP 8(b) with respect to whether they impose a pleading requirement. We acknowledge, however, that the federal cases are more equivocal than we recognized on whether the propriety of joinder under FRCrP 8 is determined solely on the basis of the allegations in the indictment. Some federal circuits applied that principle in cases decided before 1989, *see, e.g., United States v. Diaz*, 876 F2d 1344, 1356 (7th Cir 1989); *United States v. Friedman*, 854 F2d 535, 561 (2d Cir 1988), *cert den*, 490 US 1004 (1989), some circuits did not, *see, e.g., United States v. Perry*, 731 F2d 985, 990-91 (DC Cir 1984); *United States v. Saldivar*, 710 F2d 699, 702 (11th Cir 1983), and some circuits were internally divided on the issue, *see, e.g., United States v. Grey Bear*, 863 F2d 572 (8th Cir 1988) (en banc). Notwithstanding that conflict among the federal circuits on the pleading requirement imposed by FRCrP 8, we are not persuaded that the Oregon legislature intended the 1989 amendment of ORS 132.560 to alter the preexisting requirement that the basis under which charges are joined must be alleged in the charging instrument.

Finally, the state contends that we erred in determining the extent to which defendant was prejudiced by the trial court's denial of his demurrer challenging the joinder of the charges in the indictment. In resolving that issue, we recognized that ORS 132.560(1)(b)(A) permits the state to join charges that are the same or similar character, so

"the state permissibly could charge all of the promoting-prostitution counts [against defendant] in a single indictment and, in turn, all of the identity-theft counts in a single indictment. What it could not do is join the promoting-prostitution counts with the identity-theft counts without

alleging in the indictment the basis for the joinder of those two groups of counts in a single indictment."

*Poston*, 277 Or App at 145 n 4. Because the state had not lawfully joined the promoting-prostitution counts with the identity-theft counts, we proceeded to determine whether defendant had been prejudiced by trying the two groups of charges together. We concluded that he had not been prejudiced with regard to the promoting-prostitution counts because all of the evidence that was admitted at trial would have been admissible at a trial in which he had been charged with only those counts. However, we concluded that he had been prejudiced with regard to the identity-theft counts because we could not conclude that the same evidence would have been admissible at a trial in which he had been charged only with identity theft. *Id*. at 145-46.

The state disagrees with that focus. It contends that the evidence at trial establishes that the promoting-prostitution and identity-theft charges involved acts or transactions that were connected together or constituted parts of a common scheme or plan and, hence, were charges that could lawfully be joined in a single indictment under ORS 132.560(1)(b)(C). In that light, the failure to allege the basis under which the charges could lawfully be joined should be considered to be a matter of form rather than substance that could have been corrected by amending the indictment by interlineation to allege the basis for joinder. Because the trial record establishes that all of the charges are charges that could lawfully have been joined in a single indictment, the state asserts that defendant was not prejudiced by the denial of the demurrer because the charges are charges that could lawfully be tried together, as they were.

We disagree. Because the state did not move to amend the indictment, we need not resolve whether the state is correct that the trial court could have allowed the indictment to be amended by interlineation to allege facts to establish that the charges were lawfully joined. The critical point is that the indictment did *not* allege what it had to allege to lawfully join the promoting-prostitution and identity-theft charges in a single indictment. Because the charges were not lawfully joined in the indictment, defendant was prejudiced

in the manner that we identified, that is, by proceeding to trial on charges of promoting prostitution and identity theft that were not lawfully joined for trial. Hence, we adhere to our conclusion regarding the prejudice that resulted from the denial of the demurrer.

Reconsideration allowed; former opinion adhered to.