Submitted April 11, 2016, vacated and remanded June 28, petition for review denied November 28, 2017 (362 Or 208)

GARY BRUCE PITTSLEY,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12069497P; A157413

396 P3d 952

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Frederick M. Boss, Deputy Attorney General, Paul L. Smith, Deputy Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief. The state charged petitioner by indictment with 12 criminal offenses in the underlying case, and petitioner was convicted of 10 of them. Petitioner then sought post-conviction relief, alleging, among other things, that his trial attorney provided constitutionally inadequate representation by failing to demur to the indictment. Specifically, petitioner contended that ORS 132.560 requires an indictment charging a defendant with multiple offenses to allege the basis for joinder of the offenses and that the indictment in his criminal case did not do that. The post-conviction court denied relief on that claim, concluding that the demurrer would have been denied because ORS 132.560 does not require the state to allege the basis for joinder in the indictment. Accordingly, the post-conviction court entered a judgment denying the petition, and petitioner appealed, challenging only the denial of relief on counsel's failure to file a demurrer to the indictment.

Since the entry of the post-conviction judgment in this case, we have concluded that ORS 132.560 requires the state "to allege in the charging instrument the basis for the joinder of the crimes that are charged in it, whether by alleging the basis for joinder in the language of the joinder statute or by alleging facts sufficient to establish compliance with the joinder statute." *State v. Poston*, 277 Or App 137, 144-45, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488 (2017). The post-conviction court erred when it concluded otherwise. Consequently, we vacate and remand the judgment so that the post-conviction court may reconsider, in light of *Poston*, whether the failure to file a demurrer constituted ineffective assistance of counsel and whether petitioner was prejudiced by counsel's failure to do that.

Vacated and remanded.