Submitted April 19, 2016, affirmed August 2, petition for review allowed December 14, 2017 (362 Or 281)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER RAMOAN WARREN,
*Defendant-Appellant.*

Washington County Circuit Court
C130904CR; A156423

399 P3d 1060

Rankin Johnson IV filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the answering brief for respondent. On the supplemental brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Tookey, Presiding Judge, and DeHoog, Judge, and Sercombe, Senior Judge.

**TOOKEY, P. J.**

Defendant appeals from a judgment of conviction for two counts of unlawfully obtaining public assistance, ORS 411.630(1), one count of unlawfully obtaining supplemental nutrition assistance (food stamps), ORS 411.840(1), one count of first-degree theft, ORS 164.055(1)(a), and one count of unsworn falsification, ORS 162.085(1). Defendant raises two assignments of error, the first of which we reject without discussion. We write only to address defendant's second assignment of error, in which he argues that the trial court erred when it disallowed his demurrer to the indictment. We conclude that the court's disallowance of the demurrer was harmless. Accordingly, we affirm.

The facts of this case are not in dispute. Defendant worked as a police officer for the City of Beaverton. In January 2011, defendant was fired from the Beaverton Police Department and then he was rehired in October 2011. While defendant was unemployed, he received public assistance and food stamps from the State of Oregon.[1] An investigation by the Department of Human Services (DHS) led DHS to believe that defendant had received $3,351.11 in public benefits to which he was not entitled. The investigation revealed that defendant had lied on forms to obtain those public benefits and that defendant had also failed to report income. Defendant was indicted for various crimes related to his receipt of public benefits. The indictment alleged as follows:

"Count 1

"The defendant, on or between January 27, 2011 and December 31, 2011, in Washington County, Oregon, did unlawfully and knowingly obtain public assistance for the benefit of himself and others to which the said defendant was not entitled under Oregon Law by means of false representation, to wit: his residence address.

---

[1] ORS 411.630 prohibits a person from obtaining public assistance to which the person is not entitled to receive and ORS 411.840 prohibits a person from obtaining food stamps which the person is not entitled to receive. Throughout the opinion we refer to the public assistance and food stamps that defendant received collectively as "public benefits."

"Count 2

"The defendant, on or between October 1, 2011 and December 31, 2011, in Washington County, Oregon, did unlawfully and knowingly obtain public assistance for the benefit of himself and others to which the said defendant was not entitled under Oregon Law by means of failing to immediately notify the Department of Human Services or the Oregon Health Authority of the receipt of income, which directly affected his eligibility for the assistance.

"Count 3

"The defendant, on or between January 27, 2011 and December 31, 2011, in Washington County, Oregon, did unlawfully and knowingly obtain supplemental nutritional assistance to which he was not entitled to receive under Oregon law.

"Count 4

"The defendant, on or between January 27, 2011 and December 31, 2011, in Washington County, Oregon, did unlawfully and knowingly commit theft of money, of the value of one thousand dollars or more, the property of the State of Oregon.

"* * * * *

"Count 7

"The defendant, on or about October 24, 2011, in Washington County, Oregon, did unlawfully and knowingly make a false written statement, to wit: City of Beaverton Affidavit of Marriage or Domestic Partnership, to a public servant in connection with an application for a benefit."[2]

Defendant filed a "demurrer to the indictment for violation of ORS 132.560," arguing that "ORS 135.630 requires dismissal of an accusatory instrument 'when it appears on the face thereof' that the instrument fails to comply with ORS 132.560."[3] Defendant stated that "the

---

[2] We do not discuss Counts 5 and 6 because defendant was acquitted of those charges.

[3] ORS 135.630(2) provides, in part, that a defendant may "demur to the [indictment] when it appears on the face thereof" that "it does not substantially conform to the requirements of * * * ORS * * * 132.560." In turn, ORS 132.560(1)(b) provides:

indictment merely lists each offense using the words of the statute without stating that the various charges are sufficiently similar or connected" and, thus, "the indictment on its face fails to meet the joinder requirements of ORS 132.560(1)(b)." The state responded, contending that "all seven counts are involved with using some false or fraudulent methodology to obtain benefits" so the counts "are enough of a same or similar character to allow for joinder" under ORS 132.560(1)(b)(A). The trial court agreed with the state and disallowed defendant's demurrer. Following a jury trial, as noted, defendant was convicted of two counts of unlawfully obtaining public assistance, one count of unlawfully obtaining food stamps, one count of first-degree theft, and one count of unsworn falsification.

On appeal, defendant argues that, "[a]pplying ORS 132.560 and [*State v.*] *Poston*[, 277 Or App 137, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750 (2017)], the charges in this case could not be properly combined into a single accusatory instrument" because, "as explained in *Poston*, the connection between the offenses must be expressly alleged." Defendant contends that, "[i]n particular, count four, theft, alleging the theft of more than $1000 and no other details about the state's theory, cannot be joined for trial with allegations of unlawfully obtaining public assistance or unsworn falsification" because "[t]he offenses are not of the same or similar character."

The state argues that the charges of unlawfully obtaining public benefits (Counts 1, 2, and 3), and the charge of unsworn falsification to a public servant in connection with an application for a benefit, (Count 7) "obviously are of the 'same or similar character.'" Additionally, the state

---

"A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

contends that, when viewed in context with those charges, the theft charge (Count 4) is of the same or similar character because "that count further specially alleged that the crime involved 'theft of money, of the value of one thousand dollars or more, the property of the State of Oregon.'"

In *Poston*, we held that the state is "required to allege in the charging instrument the basis for joinder of the crimes that are charged in it, whether by alleging the basis for joinder in the language of the joinder statute or by alleging facts sufficient to establish compliance with the joinder statute." 277 Or App at 144-45.

In this case, the indictment does not include language from the joinder statute. We agree with the state that the facts alleged in the indictment for the charges of unlawfully obtaining public benefits, and the charge of unsworn falsification to a public servant in connection with an application for any benefit, establish that they are of "the same or similar character." ORS 132.560(1)(b)(A).

Assuming without deciding that alleging the theft "of money" from the State of Oregon is insufficient to establish that the charge of first-degree theft is of "the same or similar character" as the charges related to unlawfully obtaining public benefits and unsworn falsification as specified in Counts 1, 2, 3, and 7, we nonetheless conclude that any such error in joining the charges on that basis is harmless. "Under Article VII (Amended), section 3, of the Oregon Constitution,[4] we must affirm a conviction if there is little likelihood that an error affected the verdict." *Poston*, 277 Or App at 145 (citation, internal quotation marks, and brackets omitted); *see also State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?"). "[W]hether improper joinder of charges affected the verdict depends on whether joinder led to the admission of evidence that

---

[4] Article VII (Amended), section 3, provides, in pertinent part:

"If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"

would not have been admissible but for the joinder * * * and, if so, whether that evidence affected the verdict on those charges." *Poston*, 277 Or App at 145. That analysis requires us to examine the erroneously joined charges as if they had been tried separately and determine whether "[a]ll of the evidence that was presented at defendant's trial would have been admissible." *Id.* at 146.

> "*Poston* demonstrates that evidence presented at trial on erroneously joined charges would be 'admissible,' as we used that term in *Poston*, in a hypothetical trial on each charge or properly joined group of charges, only when (1) each item of evidence that was actually presented could have been admitted in the hypothetical trial under a legally correct evidentiary analysis and (2) it is implausible that, had the defendant objected under OEC 403 or raised some other objection invoking the trial court's discretion, the trial court would have excluded that evidence in the hypothetical trial."

*State v. Clardy*, 286 Or App 745, 772-73, 401 P3d 1188 (2017).

Here, the state argues that any such error is harmless because "all of the charges were based on the same set of operative facts—*i.e.*, that [defendant] unlawfully obtained various financial benefits from the state by means of false representations." We agree. We have determined that all of the evidence that was presented at defendant's trial would have been "admissible" under a legally correct evidentiary analysis at a trial in which defendant was charged only with first-degree theft. Furthermore, it is implausible that the trial court would have excluded that evidence on a discretionary ground. Likewise, all of the evidence presented at defendant's trial would have been "admissible" in a trial in which defendant was charged only with unlawfully obtaining public assistance, unlawfully obtaining supplemental nutrition assistance, and unsworn falsification. Thus, the court's disallowance of the demurrer was harmless.

Affirmed.