Submitted June 30, affirmed August 16, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DARRYL PACK,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR39156; A160674

403 P3d 542

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**TOOKEY, J.**

Defendant appeals a judgment finding him in contempt of court, ORS 135.290, for violating a no-contact order that the court had imposed in a separate case for fourth-degree assault and harassment. The court entered an order consolidating the charging instrument in the contempt of court case and the charging instrument in the assault and harassment case for trial. Defendant assigns error to the trial court's consolidation of the charging instruments. We conclude that the consolidation of the charging instruments was harmless. Accordingly, we affirm.

The facts of this case are not in dispute. On October 28, 2014, defendant was arrested and charged with fourth-degree assault and harassment. Defendant was released from custody the following day and, as a condition of his pretrial release, the court prohibited contact between defendant and the complainant.

On January 13, 2015, defendant's pretrial release was revoked because he failed to report to his supervising officer. Defendant was taken into custody, and he called the complainant from a jail telephone seven times. The following day, defendant was arraigned and released.

On March 26, defendant's supervising officer wrote a failure to comply warrant and informed defendant that he needed to turn himself in. On August 27, defendant was arrested and taken into custody on that warrant. While he was in custody, defendant called the complainant from a jail telephone four more times. On September 9, the state charged defendant with 11 counts of contempt for the 11 calls that defendant had placed to the complainant from a jail telephone.

At a pretrial conference, the state moved to consolidate the charging instrument in the assault and harassment case with the charging instrument in the contempt case. The state argued that, under ORS 132.560,[1] the charges

---

[1] ORS 132.560, which governs the consolidation of charging instruments and joinder of charges, is set out later in this opinion. "[U]nder ORS 132.560, permissive joinder of multiple offenses and of multiple charging instruments involves several procedural steps. The court must first determine whether the charges

could be joined because the charges alleged in the two cases are "based on two or more transactions that are connected together." The state continued, stating that "there would be no opportunity for prejudice to the defendant" because "the contempt will be heard by the court" and "the criminal case will be heard by the jury." Defendant opposed the state's motion for joinder on that ground and moved for severance.

The court concluded that the cases could be consolidated, and the charges could be joined, because the charges were "based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." ORS 132.560(1)(b)(C). The court also ruled that defendant would not be prejudiced by the consolidation of the cases because the assault and harassment case would be tried to a jury and the contempt case would be heard by the court outside of the jury's presence.

The court stated that, "when the jury's not present," it "would hear the additional evidence that the court would need to hear in order to determine the contempt proceeding." The court explained the trial procedure as follows, "I think the procedure is, we'll try to keep it clean and pristine so the evidence is not heard by the jury that I'm going to hear, and I will consider only the evidence that's presented to me for purposes of determining the Contempt." The jury acquitted defendant of the assault and harassment charges and the court found defendant in contempt on all 11 of the charged contempt counts.

On appeal, defendant argues that "[j]oinder was improper because the assault and contempt cases were not 'connected together' and were not part of a 'common scheme or plan.'" Furthermore, citing to *State v. Poston*, 277 Or App 137, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488 (2017), defendant contends that the "erroneous

meet any of the independently sufficient bases for joinder listed in ORS 132.560 (1)(b)(A) to (C). If so, the [charging instruments] may be consolidated" under ORS 132.560(2). *State v. Dewhitt*, 276 Or App 373, 380, 368 P3d 27, *rev den*, 359 Or 667 (2016). Because the same test applies to the joinder of charges and the consolidation of charging instruments, we rely on cases discussing both concepts. We use the word "consolidate" when discussing charging instruments, and "joinder" when discussing charges, in deference to the legislature's choice of terminology in that statute.

joinder of the assault and contempt cases was harmful and merits reversal" because "the joinder of the cases allowed the court to hear evidence in the contempt case that would not have been admissible but for the joinder—namely, the details of the assault case."[2] The state argues that the "trial court correctly joined the charges for trial, and, in any event, any error was harmless."

ORS 132.560 provides, in pertinent part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"* * * * *

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated."

Assuming without deciding that the trial court erred when it concluded that the joinder of the charged offenses was proper under ORS 132.560(1)(b)(C) and, therefore, the cases could be consolidated under ORS 132.560(2), we conclude that any such error was harmless. "Under Article VII (Amended), section 3, of the Oregon Constitution,[3] we must affirm a conviction if there is little likelihood that an error affected the verdict." *Poston*, 277 Or App at 145 (citation, internal quotation marks, and brackets omitted); *see also*

---

[2] Because the jury acquitted defendant of the assault and harassment charges, and defendant did not appeal that judgment, we do not discuss whether the consolidation of the two charging instruments was an error that harmed defendant in that case.

[3] Article VII (Amended), section 3, provides, in pertinent part:

"If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"

*State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?"). "[W]hether improper joinder of charges affected the verdict depends on whether joinder led to the admission of evidence that would not have been admissible but for the joinder * * * and, if so, whether that evidence affected the verdict on those charges." *Poston*, 277 Or App at 145. That analysis requires us to examine the erroneously joined charges as if they had been tried separately and determine whether "all of the evidence that was presented at defendant's trial would have been admissible." *Id.* at 146.

> "*Poston* demonstrates that evidence presented at trial on erroneously joined charges would be 'admissible,' as we used that term in *Poston,* in a hypothetical trial on each charge or properly joined group of charges, only when (1) each item of evidence that was actually presented could have been admitted in the hypothetical trial under a legally correct evidentiary analysis and (2) it is implausible that, had the defendant objected under OEC 403 or raised some other objection invoking the trial court's discretion, the trial court would have excluded that evidence in the hypothetical trial."

*State v. Clardy*, 286 Or App 745, 772-73, 401 P3d 1188 (2017).

Thus, as our first step in the "harmlessness" analysis, we consider whether all of the evidence that was presented at defendant's trial would have been "admissible," as that term was explained in *Clardy*, at a trial in which defendant was charged only with contempt. We cannot conclude that all of the evidence related to the assault and harassment charges would have been "admissible" at a trial in which defendant was charged only with contempt. Even if some of that evidence might be able to be admitted under a legally correct evidentiary analysis, it is not implausible that a trial court would have excluded some of the evidence related to the assault and harassment of the complainant.

However, that conclusion does not end the harmlessness analysis. In *State v. Marks*, 286 Or App 775, 784, 400 P3d 951 (2017), after we concluded that the court's erroneous joinder of charges led to the admission of evidence

that would not have been admissible, we addressed the question of "whether that evidence affected the verdict" in the defendant's bench trial. We concluded that "[t]he error could be harmless if the trial court did not consider the evidence related to the other charges when it found the defendant guilty." *Id.* (citing *State v. Klontz*, 257 Or App 684, 702-03, 308 P3d 214 (2013) (concluding that the harmless error analysis in a bench trial where the trial court failed to mention contested evidence when explaining its disposition is "contextually driven" and that we must ask "[w]as the disputed evidence ultimately material to the resolution of issues disputed at trial?")); *see also State v. Miller*, 287 Or App 135, 152, 401 P3d 229 (2017) (discussing "whether the trial court as factfinder conducted a separate and distinct analysis of the evidence" to determine whether erroneous joinder was harmless).

In this case, the evidence was presented in a distinct way to mitigate the danger of consolidating the charging instruments. The record reflects that "the trial court conducted a separate analysis of the evidence" on the contempt charges from that of the jury on the assault and harassment charges. *Marks*, 286 Or App at 785. As noted above, when the court consolidated the charging instruments, it stated that, "we'll try to keep it clean and pristine so the evidence is not heard by the jury that I'm going to hear, and I will consider only the evidence that's presented to me for purposes of determining the Contempt." Our review of the record leads us to conclude that the court only considered evidence related to the contempt charges in reaching its verdict on those charges. Thus, the consolidation of the charging instruments was harmless.

Affirmed.