LAGESEN, P.J.
*204 In State v. Poston , 277 Or. App. 137, 144-45, 370 P.3d 904 (2016), adh'd to on recons , 285 Or. App. 750, 399 P.3d 488, rev. den. , 361 Or. 886, 403 P.3d 761 (2017), we held, as a matter of first impression, that ORS 132.560 and ORS 135.630 require the state "to allege in the charging instrument the basis for the joinder of the crimes that are charged in it, whether by alleging the basis for joinder in the language of the joinder statute or by alleging facts sufficient to establish compliance with the joinder statute." Further, the failure to sufficiently allege the basis for joinder of the charges included in a charging instrument is grounds for a demurrer. Id . at 145, 370 P.3d 904. This *682 case raises a question that was inevitable to arise after Poston : When a charging instrument fails to allege facts sufficient to demonstrate the basis for joinder, may a trial court permit the state to amend the charging instrument to cure the defect without requiring that the matter be resubmitted to the grand jury so as to avoid the grant of a demurrer? We conclude, as did the trial court, that the answer to that question is yes.
The facts relevant to the issue before us are procedural. Not long before we decided Poston , the state charged defendant with seven offenses in a single indictment: two counts of first-degree robbery, two counts of first-degree burglary, two counts of unlawful use of a weapon, and one count of felon in possession of a firearm. After we decided Poston , the state moved to amend the indictment by interlineation to allege the basis for the joinder of the charges. The state asserted that the amendment was authorized by Article VII (Amended), section 5(6), of the Oregon Constitution, which authorizes the district attorney to "file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form." Or. Const, Art VII (Amended), § 5(6). The state contended that the omission of allegations relating to joinder were defects in "form" within the meaning of the constitutional provision under State v. Wimber , 315 Or. 103, 843 P.2d 424 (1992), such that the constitution authorized the proposed amendments without resubmission of the indictment to the grand jury.
*205 Defendant opposed the motion, arguing that the omission of allegations demonstrating the propriety of joinder could not be remedied without resubmission to the grand jury. Defendant also filed a written demurrer, arguing that the indictment must be dismissed "for violation of ORS 132.560" for not alleging the basis for joinder in the manner required by Poston . Defendant did not dispute that, if the trial court permitted the requested amendments, the indictment would sufficiently allege the basis for joinder in the manner contemplated by Poston . The trial court permitted the amendment and denied the demurrer.
The case proceeded to trial before a jury. The jury convicted defendant on three of the seven charges: one count of first-degree burglary, one count of unlawful use of a weapon, and one count of felon in possession of a firearm. The jury acquitted defendant on the four remaining charges. Defendant appealed. On appeal, he assigns error to, among other things, the trial court's allowance of the state's motion to amend the indictment and its consequent denial of his demurrer. On that point, the state responds that the trial court properly allowed the amendment and, having done so, properly denied the demurrer.[1]
Whether the trial court properly allowed the amendment to the indictment to add the allegations supporting joinder[2] is one of law; we therefore review for legal error. State v. Williams , 237 Or. App. 377, 379, 240 P.3d 731 (2010), rev. den. , 350 Or. 131, 250 P.3d 923 (2011). The answer to that question turns on whether the omission of those allegations from *206 the original indictment was a defect of "form" within the meaning of Article VII (Amended), section 5 (6). As a general matter, under Wimber , a matter is one of "form" if it is not one that "is essential to show that an offense has been committed." Wimber , 315 Or. at 114, 843 P.2d 424 ; see Williams , 237 Or. App. at 383-84, 240 P.3d 731 (allegations regarding subcategory facts for purposes of sentencing were matters of *683 "form" under Article VII (Amended), section 5 (6), because facts pertaining to sentencing are not ones that are essential to demonstrating that an offense has been committed).
To assess whether an amendment adding allegations to a charging instrument is one of "form" for purposes of Article VII (Amended), section 5 (6), Wimber directs us to consider three questions:
"(1) Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime? ***
"(2) Did the amendment prejudice defendant's rights to notice of the charges against him and to protection against double jeopardy? ***
"(3) Was the amendment itself sufficiently definite and certain?"
315 Or. at 114-15, 843 P.2d 424. As we understand Wimber , a negative answer to the first two questions, and a positive answer to the third, means that the allegation is one of form. Id .
That is the case here. As noted, the amendments added the following wording to each of the seven counts of the indictment:
"This count constitutes part of a common scheme or plan based on two or more acts or transactions with the other counts of the indictment. This count is of the same and similar character as the conduct alleged in the other counts of this indictment. This count is connected together by two or more acts or transactions with the other counts of this indictment."
The only thing that the amendments did was demonstrate that the charges met the statutory procedural standard for being tried as part of a single case, so as to obviate the need *207 for multiple trials. The phrasing of the amendments did not change the "essential" nature of the indictment against defendant. As amended, the indictment charged defendant with precisely the same seven offenses that it had charged him with beforehand. The amendments also did not change what defenses to those charges might be available to defendant. Although, under Poston , the indictment was subject to demurrer for failure to allege the basis for joinder, that the charges may have been misjoined was not a defense to the charges; it was grounds, ultimately, for trying the charges in separate cases if they were not properly joined in a single charging instrument. The amendments also did not alter the charges in a way that would affect the availability of evidence to defendant, did not add a new theory, element, or crime, and did not prejudice defendant's right to notice or implicate double jeopardy. As for whether the amendments were sufficiently clear and definite, it is undisputed that, by tracking the wording of ORS 132.560, the allegations are sufficient to allege the basis for joinder of the charges under Poston . Poston , 277 Or. App. at 145-46, 370 P.3d 904 (explaining that indictment can satisfy requirement to allege basis for joinder by reciting statutory wording). For these reasons, under Wimber , the trial court correctly allowed the state to amend the indictment to assert the allegations necessary to comport with Poston . Because it is undisputed that the indictment, as amended, comported with Poston , the trial court also correctly denied defendant's demurrer.
As mentioned, defendant raises several additional assignments of error. Having considered them, we reject them without further written discussion.
Affirmed.

The state also argues that Poston was wrongly decided but that, if Poston is correctly decided, the indictment, even before it was amended, satisfied the requirements of that case. We are not persuaded by the first argument and our conclusion that the trial court properly permitted the state to amend the indictment obviates the need to address the second.

As a result of the amendments, each count of the indictment alleged the following:
"This count constitutes part of a common scheme or plan based on two or more acts or transactions with the other counts of the indictment. This count is of the same and similar character as the conduct alleged in the other counts of this indictment. This count is connected together by two or more acts or transactions with the other counts of this indictment."
As noted, there is no dispute that these allegations, which track the wording of ORS 132.560, satisfy Poston .