No. 605　　　　August 28, 2024　　　　631

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOHN ROY STUBBLEFIELD,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV12532; A180726

J. Burdette Pratt, Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from his 2013 jury convictions for robbery, unauthorized use of a vehicle, criminal mischief, and other related offenses. We affirm.

*First assignment of error.* Petitioner assigns error to the post-conviction court's form of judgment, contending that it does not comply with ORS 138.640, as construed by the Supreme Court in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2014). That assignment of error is not preserved and, contrary to petitioner's argument on appeal, because the post-conviction court's process afforded petitioner an opportunity to raise the issue, his obligation to preserve it is not excused. *See Dudrov v. State of Oregon*, 274 Or App 636, 368, 361 P3d 647 (2015), *rev den*, 274 Or 636 (2016) (explaining that preservation of *Datt*-related issue may be excused in a situation "where the post-conviction court did not employ a process that permitted the parties to object to the form of judgment").

*Second assignment of error.* Petitioner assigns error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective in failing to move to sever the three robbery counts in Case No. 13C40022. Relying on *State v. Poston*, 277 Or App 137, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488, *rev den*, 361 Or 886 (2017), he argues that counsel exercising reasonable professional skill and judgment would have moved to sever under ORS 132.560(1)(b) because, in petitioner's view, the indictment did not adequately allege the basis for the joinder of those counts. That is not the same claim about severance that petitioner made to the post-conviction court, which was that trial counsel should have moved to sever under ORS 132.560(3) on the ground that the joinder "substantially prejudiced" petitioner. We therefore reject the second assignment of error as unpreserved.

*Third assignment of error.* Petitioner assigns error to the post-conviction court's denial of relief on his claim that appellate counsel was inadequate and ineffective in not assigning error to the trial court's denial of his motion for a

mistrial based on an officer's testimony that "I read [defendant] his *Miranda* rights. He told me he didn't want to talk to me without speaking to a lawyer." The post-conviction court denied relief on that claim, crediting counsel's explanation as to why he had not raised the issue on appeal. Based on counsel's explanation, the court concluded that petitioner had not demonstrated that counsel's performance was deficient; the court also determined that, on the facts of the case, petitioner had not demonstrated that he was prejudiced by counsel's decision not to pursue the issue on appeal. The court's factual determinations are supported by the record and, on those facts, the court's legal determinations reflect no legal error. *See Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015) (stating standard of review); *see also Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987) (stating legal standard for claim of inadequate assistance of appellate counsel).

*Fourth assignment of error.* Petitioner assigns error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective in not objecting to a jury instruction that permitted the jury to convict by a nonunanimous verdict. As petitioner acknowledges, that claim of error fails under *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). Although petitioner argues that *Smith* is wrongly decided, we are not persuaded.

*Fifth assignment of error.* Petitioner assigns error to the post-conviction court's denial of relief on his stand-alone claim that his convictions were obtained in violation of his constitutional rights based on the fact that the jury was instructed that it could return nonunanimous verdicts. To obtain relief from a particular conviction under that theory, petitioner was required to prove that the jury was, in fact, nonunanimous with respect to the conviction. *Mandell v. Miller*, 326 Or App 807, 810-11, 533 P3d 815, *rev den*, 371 Or 476 (2023). Here, petitioner did not poll the jury and has not otherwise presented evidence on how the jury voted on the charges against him. Instead, petitioner asserts that it is inferable that some of his convictions were based on nonunanimous verdicts because petitioner was tried jointly

with his brother, the jury was polled as to his brother's convictions, and the poll revealed that the jury was not unanimous on two of the robbery convictions and one of the unlawful-use-of-a-vehicle convictions.

The inference that petitioner urges may have been a permissible one. We need not decide the point. That is because the inference, even if permissible, is not required. That is, the post-conviction court was not required to be persuaded by petitioner's evidence that petitioner, like his brother, had been convicted on some counts by a nonunanimous jury. Under these circumstances, we are bound by the post-conviction court's finding that it was not persuaded by petitioner's evidence that the jury was nonunanimous on any or all of petitioner's convictions. *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (explaining that an appellate court is "bound by a trial court's 'finding' that a party's evidence is not sufficiently persuasive"). For that reason, we reject petitioner's fifth assignment of error.

*Sixth assignment of error.* In his final assignment of error, petitioner argues that the post-conviction court erred in denying relief on his "cumulative error" theory of relief. Petitioner's theory, on the whole, is that his trial counsel performed deficiently in a range of ways that, taken together, prejudicially affected the outcome of his criminal trial. The Oregon courts have not recognized a "cumulative error" theory of post-conviction relief. *Vega-Arrieta v. Blewett*, 331 Or App 416, 428, 545 P3d 746 (2024). Even if the theory might be a cognizable basis for relief in some circumstances, it would not be here, because petitioner did not prove in the post-conviction court facts demonstrating that his trial counsel performed deficiently in the ways alleged.

Affirmed.