POWERS, J.
*563 Defendant appeals from a judgment of conviction entered after a conditional no-contest plea for delivery of marijuana to a minor, former ORS 475.860(4)(a) (2014), repealed by Or. Laws 2017, ch. 21, § 126; possession of methamphetamine, ORS 475.894 ; felon in possession of a firearm, ORS 166.270(1) ; felon in possession of a restricted weapon, ORS 166.270(2) ; and endangering the welfare of a minor, ORS 163.575(2). Defendant argues that the trial court erred by denying his demurrer because the indictment did not conform with ORS 132.560, which requires that a charging instrument meet certain conditions when more than one offense is charged. We conclude that the trial court erred in denying defendant's demurrer. Consequently, we reverse and remand.
We review for legal error the trial court's denial of a demurrer to an indictment. State v. Marks , 286 Or.App. 775, 780, 400 P.3d 951 (2017).
The indictment in this case includes charges stemming from a report that defendant gave marijuana to his daughter, K. Officers responded to the report, which eventually led to the search of defendant's home and the discovery of marijuana, methamphetamine, and weapons.
Defendant was indicted as follows:
"COUNT 1. The defendant, on or between January 1, 2014 and June 4, 2014, in Linn County, Oregon, did unlawfully and knowingly deliver marijuana to a person under 18 years of age and the defendant was at least 18 years of age and at least three years older than the person to whom the marijuana was delivered;
"COUNT 2. The defendant, on or about June 4, 2014, in Linn County, Oregon, did unlawfully and knowingly possess methamphetamine;
"COUNT 3. The defendant, on or about June 4, 2014, in Linn County, Oregon, did unlawfully and knowingly own or have in the defendant's possession or under the defendant's custody or control a firearm, the said defendant having been previously convicted of a felony under the laws of Oregon, another state or the United States;
*564 "COUNT 4. The defendant, on or about June 4, 2014, in Linn County, Oregon, *1141 did unlawfully and knowingly own or have in the defendant's possession or under the defendant's custody or control a switchblade, the said defendant having been previously convicted of a felony under the laws of Oregon, another state or the United States;
"COUNT 5. The defendant, on or between January 1, 2014 and June 4, 2014, in Linn County, Oregon, did unlawfully and knowingly permit [K], a person under the age of 18 years to enter or remain in a place where unlawful activity involving controlled substances was maintained or conducted."
Defendant filed a written demurrer to the indictment, arguing that the indictment did not substantially conform to the requirements of ORS 132.560 :
"The indictment alleges two separate counts involving controlled substances, two counts involving firearms, and one count of endangering the welfare of a minor. Counts one and five allege the conduct occurred between January 1 and June 4[,] 2014. Counts two through four allege the conduct occurred on June 4, 2014. Firearm and controlled substance offenses are not of the same or similar character. Nor is endangering the welfare of a minor of the same or similar character as either the controlled substance offenses or the firearm offenses. The indictment does not allege that these offenses were based on the same act or transaction. The indictment does not allege that these offenses were connected together or constituted a common scheme or plan."[1]
The trial court held a hearing on the demurrer, at which defendant reiterated his arguments in his written demurrer. According to defendant, under ORS 132.560(1) (b)(A), Counts 1, 2, and 5 are of the same or similar character, and Counts 3 and 4 are of the same or similar character, but the first grouping-Counts 1, 2, and 5-and the second grouping-Counts 3 and 4-are not of the same or similar character. Defendant further argued that the indictment did not allege charges that were based on the same act or transaction, as evidenced by the various dates and date *565 ranges included in each count, nor did the indictment allege that the counts were part of a common scheme or plan. The state disagreed with defendant's interpretation of the joinder requirements in ORS 132.560 and posited that "[t]here is no requirement that we have to allege same transaction or similar character or any of those things."
The trial court denied defendant's demurrer:
"I guess I'm kind of hanging onto the connected together phrase in 132.560(1)(b)(C), and we don't have a definition for what 'connected together' necessarily means. But it says, 'Transactions connected together.' The plain meaning of that to me would be similar locations, similar people, similar time, all of those kinds of things, to me, would indicate that the charges were connected together.
"I do find that these charges relate to contemporaneous incidents. I do find that they relate to a situation that took place at a particular time and involved the same people, location, that kind of thing."
Defendant then entered a conditional plea of no contest to all counts.
After the judgment of conviction was entered, we issued our decision in State v. Poston , 277 Or.App. 137, 370 P.3d 904 (2016), adh'd to on recons. , 285 Or.App. 750, 399 P.3d 488, rev. den. , 361 Or. 886, 403 P.3d 761 (2017). Thereafter, but before we issued our decision on reconsideration, the parties filed their briefs in this case. On appeal, defendant reprises his contention that the trial court erred in denying his demurrer, arguing that, under Poston , a trial court must grant a demurrer if the indictment, on its face, fails to allege a permissible basis for joinder. The state acknowledges that, under Poston , the trial court's denial of defendant's demurrer was error. We agree.
We begin with the relevant statutes. ORS 135.630 provides that a defendant "may demur to the accusatory instrument when it *1142 appears upon the face thereof * * * that it does not substantially conform to the requirements of * * * ORS 132.560." ORS 132.560 provides, in part:
"(1) A charging instrument must charge but one offense, and in one form only, except that:
*566 "* * * * *
"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:
"(A) Of the same or similar character;
"(B) Based on the same act or transaction; or
"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."
In Poston , we interpreted those statutes to require the state "to allege in the charging instrument the basis for the joinder of the crimes that are charged in it, whether by alleging the basis for joinder in the language of the joinder statute or by alleging facts sufficient to establish compliance with the joinder statute." 277 Or.App. at 144-45, 370 P.3d 904. "[A] charging instrument must show on its face that the requirements of ORS 132.560have been met ." Id. at 143, 370 P.3d 904 (emphases in original). The state, as defendant points out, failed to do that in this case.[2]
The indictment neither alleges joinder in the language of ORS 132.560 nor "facts sufficient to establish compliance with the joinder statute," Poston , 277 Or.App. at 145, 370 P.3d 904, by showing that the charges are "[o]f the same or similar character," "[b]ased on the same act or transaction," or "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan." ORS 132.560(1)(b)(A)-(C). Thus, the trial court erred in denying defendant's demurrer, because the face of the indictment did not "substantially conform to the requirements of * * * ORS 132.560." ORS 135.630.
As previously noted, defendant's convictions in this case were the result of a conditional no-contest plea under ORS 135.335(3). That statute provides:
*567 "With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."
In appeals arising from conditional pleas under ORS 135.335(3), we have consistently declined to engage in a harmless error analysis. In State v. Dinsmore , 182 Or.App. 505, 519, 49 P.3d 830 (2002), we stated that ORS 135.335(3)
"provides that, if a defendant prevails on appeal, he or she may withdraw the plea. Employing a harmless error analysis would defeat that statutory right. Defendant may, on remand, decide that she wishes to withdraw her plea and go to trial, or she may choose, in light of her limited success on appeal, not to withdraw it. The legislature, however, has left that choice to defendant."
Accordingly, we reverse and remand the judgment of conviction so that defendant may decide whether to withdraw his no-contest plea.
Reversed and remanded.

Given the charges listed in the indictment, we understand defendant's references to firearms offenses to mean Counts 3 and 4 collectively.

To the extent that the state raises the same arguments in this case that it raised in its petition for reconsideration in Poston , we reject them here for the same reasons that we rejected them in our decision on reconsideration in that case. State v. Poston , 285 Or.App. 750, 399 P.3d 488, rev. den. , 361 Or. 886, 403 P.3d 761 (2017).