"COUNT 1
"UNLAWFUL POSSESSION OF COCAINE
"[Defendant], on or about December 02, 2014, in the County of Multnomah, State of Oregon, did unlawfully and intentionally and knowingly possess COCAINE[.]
*147 "COUNT 2
"CRIMINAL MISCHIEF IN THE SECOND DEGREE
"[Defendant], on or about December 02, 2014, in the County of Multnomah, State of Oregon, did unlawfully and intentionally damage personal property, the property of [the victim], the said defendant having no right to do so nor reasonable ground to believe that defendant had such right[.]"
Defendant demurred to the indictment, arguing that it failed on its face to comply with ORS 132.560(1)(b). The trial court denied defendant's demurrer. In doing so, the court explicitly considered facts outside of the indictment, explaining that "frankly[,] just the language of the indictment doesn't say anything about the relationship between the two [criminal] acts." After a bench trial at which defendant stipulated to the facts that (1) a witness would testify that defendant had intentionally damaged her car by throwing a brick through the window and (2) a police officer would testify that defendant unlawfully possessed cocaine, the trial court entered a judgment of conviction on both counts. We agree with the trial court's assessment of the indictment; however, we reach the opposite legal conclusion as to the demurrer.
On appeal, defendant argues, as he did below, that the indictment fails because it does not allege that the charged offenses fall under one of the three categories of charges that may be permissibly joined under ORS 132.560(1)(b). In response, the state argues that because the indictment alleges that the charges took place on the same day, there were facts sufficient to meet ORS 132.560 (1)(b)(C), the "connected together" category of the joinder statute. In the alternative, the state argues that, if the charges were improperly joined, the improper joinder was harmless.
An indictment's failure to comply with ORS 132.560 (1)(b) is one ground for demurrer under ORS 135.630.[2] Since defendant filed his appeal, we have reaffirmed that ORS 132.560(1)(b) requires the state to allege "the basis for *148 the joinder of the crimes that are charged in it" either "by alleging the basis for the joinder in the language of the joinder statute or by alleging facts sufficient to establish compliance with the joinder statute." Poston , 277 Or. App. at 144-45, 370 P.3d 904. An indictment alleging facts where the "charges could meet one of the bases for joinder *** is insufficient[.]" Walsh , 288 Or. App. at 333, 406 P.3d 152 (emphasis in original). The parties here focus their arguments on ORS 132.560 (1)(b)(C), which permits joinder of charges that are based on acts "connected together or constituting parts of a common scheme or plan[.]" As the indictment does not allege any other facts showing the *744 required relationship under ORS 132.560(1)(b)(A) or (B), we focus our analysis on the "connected together" category as well.
When the state chooses to allege facts instead of the language of ORS 132.560(1)(b)(C) in an indictment, the state must "use some language specifically connecting the crimes together, or specifying the crimes' common scheme or plan." State v. Marks , 286 Or. App. 775, 782, 400 P.3d 951 (2017). The mere facts that offenses occur on the same date and in the same county are insufficient bases for joinder. State v. Miller , 287 Or. App. 135, 149, 401 P.3d 229 (2017) ; Walsh , 288 Or. App. at 335, 406 P.3d 152. Thus, in this case, the allegation of the facts that the acts were committed "on the same day" is not enough to connect the charges together. As the indictment does not contain any other language connecting the two charges, we conclude that the indictment did not allege facts sufficient to establish compliance with ORS 132.560. Accordingly, the trial court erred in disallowing defendant's demurrer.
Our conclusion that the trial court erred does not complete our inquiry, as "[u]nder Article VII (Amended), section 3, of the Oregon Constitution, we must affirm a conviction if there is little likelihood that [an] error affected the verdict." Poston , 277 Or. App. at 145, 370 P.3d 904 (second brackets in original; internal quotation marks omitted). To determine whether the error of improper joinder affected a verdict, we ask "whether joinder led to the admission of evidence that would not have been admissible but for the joinder" of the charges, and, "if so, whether that evidence affected the verdict on those charges." Id. That analysis requires us to *149 examine the erroneously joined charges as though they had been tried separately and to determine whether all of the evidence that was presented at defendant's trial would have been admissible at each hypothetical separate trial. Id. at 146, 370 P.3d 904. Evidence is "admissible," as that term is used in Poston , only when
"(1) each item of evidence that was actually presented could have been admitted in the hypothetical trial under a legally correct evidentiary analysis and (2) it is implausible that, had the defendant objected under OEC 403 or raised some other objection invoking the trial court's discretion, the trial court would have excluded that evidence in the hypothetical trial."
State v. Clardy , 286 Or. App. 745, 772-73, 401 P.3d 1188, adh'd to as modified on recons. , 288 Or. App. 163, 406 P.3d 219 (2017). Furthermore, even if we conclude that evidence presented at one of defendant's hypothetical separate trials would not have been "admissible" under Poston , the trial court's error may nonetheless be harmless "if there remain[s] little likelihood that the inadmissible evidence would have affected the verdict." Walsh , 288 Or. App. at 336-37, 406 P.3d 152 ; see also Marks , 286 Or. App. at 785, 400 P.3d 951 (holding that erroneously disallowing the defendant's demurrer in a bench trial on stipulated facts was not harmless because it was "not clear that the trial court conducted a separate analysis of the evidence").
Here, defendant stipulated to one piece of evidence for each charge. For the possession charge, the evidence was a police officer's testimony that defendant possessed cocaine. For the criminal mischief charge, the evidence was a witness's testimony that defendant threw a brick into her car window. The state argues that the evidence on each charge was "discrete and had no bearing on the other charge," and that consequentially, any error in denying defendant's demurrer was harmless. The state's argument misstates the test for harmless error in this context and, therefore, we disagree.
OEC 402 provides that "[e]vidence which is not relevant is not admissible." Thus, without facts demonstrating that defendant's act of throwing a brick into a car window was related to his later possession of cocaine, or that his *150 possession of cocaine explained his throwing the brick, we cannot conclude that each piece of evidence was "admissible" in both hypothetical trials as that term is used in Poston . Furthermore, we certainly cannot say that it is implausible that, had defendant objected under, for example, OEC 403, a trial court would have excluded the evidence of the unrelated criminal charge due to the risk of prejudice. See State v. Williams , 357 Or. 1, 20, 346 P.3d 455 (2015) *745 (noting that evidence of a defendant's other bad acts, particularly when they lack legitimate probative value in the context of the case, presents a substantial "risk that the jury may conclude improperly that the defendant had acted in accordance with past acts on the occasion of the charged crime"). Nor can we conclude there was little likelihood the inadmissible evidence would have affected the verdict. Accordingly, the erroneous disallowance of defendant's demurrer was not harmless as to either count.
Reversed.

ORS 135.630(2) provides that a defendant may demur to an indictment if it "does not substantially conform to the requirements of ORS 132.510 to 132.560, 135.713, 135.715, 135.717 to 135.737, 135.740 and 135.743 [.]"