DEHOOG, P. J.
*422 Defendant was charged by indictment with 23 counts alleging various sexual offenses, including charges of rape, unlawful sexual penetration, incest, sodomy, and sexual abuse involving seven alleged victims. The indictment also charged defendant with one count of tampering with a witness, ORS 162.285. Defendant unsuccessfully demurred to the indictment on the ground that it failed to properly allege the basis for joinder of the separate offenses. After the trial court disallowed his demurrer, defendant entered a conditional plea of no contest to four counts of first-degree sexual abuse, ORS 163.427. The court entered a judgment convicting defendant on those counts and dismissing the remaining counts. Defendant appeals the judgment, assigning error to the disallowance of his demurrer. See ORS 135.335(3) (allowing a defendant to enter a conditional plea reserving the right to "review of an adverse determination of any specified pretrial motion"). We reverse and remand.
We review the disallowance of a demurrer for legal error. State v. Page , 290 Or. App. 562, 563, 415 P.3d 1139 (2018). An indictment that charges more than one offense must allege one or more of the bases for joinder in ORS 132.560(1)(b)(A) to (C) : that the charges are "[o]f the same or similar character," "[b]ased on the same act or transaction," or "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan." If the indictment does not allege the basis for joinder, then the defendant may demur to the indictment. State v. Warren , 364 Or. 105, 121-22, 430 P.3d 1036 (2018) ; ORS 135.630(2) (authorizing demurrer if the indictment "does not substantially conform to the requirements of * * * [ORS] 132.560"). An indictment "can allege the basis for joinder either 'in the language of the joinder statute [ ORS 132.560(1)(b) ] or by alleging facts sufficient to establish compliance with the joinder statute.' " State v. Taylor , 364 Or. 364, 375, 434 P.3d 331 (2019) (quoting Warren , 364 Or. at 109, 430 P.3d 1036 ). Whether the indictment is sufficient "must be resolved based on the face of the charging instrument," and a court "cannot consider facts other than those *506 alleged in the charging instrument." Warren , 364 Or. at 113, 430 P.3d 1036 (citing State v. Pinnell , 319 Or. 438, 444, 877 P.2d 635 (1994) ). *423 Here, the trial court erred when it disallowed defendant's demurrer. As noted, the indictment charged defendant with 23 counts of sexual offenses and one count of tampering with a witness, ORS 162.285. The witness-tampering count alleged, in its entirety:
"The defendant, on or about July 16, 2014, in Linn County, Oregon, did unlawfully and knowingly induce or attempt to induce a witness or person the said defendant believed may be called as a witness in an official proceeding to offer false testimony, unlawfully withhold testimony or to be absent from an official proceeding to which the person had been legally summoned."
Neither that count itself, nor the balance of the indictment, alleged any basis for joinder in the language of ORS 132.560(1)(b). The state argues that the witness-tampering count was nonetheless properly joined under ORS 132.560 (1)(b)(C) as "connected together or constituting part[ ] of a common scheme or plan" with the other counts. We disagree. If the state "chooses to allege facts instead of the language of ORS 132.560(1)(b)(C) in an indictment, the state must 'use some language specifically connecting the crimes together, or specifying the crimes' common scheme or plan.' " State v. Carter , 295 Or. App. 145, 148, 433 P.3d 741 (2018) (quoting State v. Marks , 286 Or. App. 775, 782, 400 P.3d 951 (2017) ); see also State v. Keith , 294 Or. App. 265, 269-71, 431 P.3d 94 (2018) (construing ORS 132.560(1)(b)(C) ). The state did not use such language here; nor did the allegations of the indictment include any facts suggesting that the witness-tampering charge was appropriately joined under ORS 132.560(1)(b)(A) or (B), even if it was not properly joined under ORS 132.560(1)(b)(C). See Taylor , 364 Or. at 375, 434 P.3d 331 (factual allegations must "allow the defendant to understand the state's basis for joining the offenses and allow the court to determine whether that joinder is proper").
Because the indictment did not allege a basis for joinder of the witness-tampering count, the indictment did not comply with ORS 132.560. Warren , 364 Or. at 113, 430 P.3d 1036. Because that is sufficient to establish that the trial court erred when it disallowed defendant's demurrer, we need not separately decide whether the indictment sufficiently alleged the basis for joining the various sexual offenses with *424 one another. We reverse and remand to allow defendant to consider whether to withdraw his plea of no contest. See ORS 135.335(3) (providing that a defendant who prevails on appeal from a conditional plea "may withdraw the plea"); Page , 290 Or. App. at 567, 415 P.3d 1139 (reversing and remanding under identical circumstances).
Reversed and remanded.