On respondent's petition for reconsideration filed December 24, 2018;
reconsideration allowed, former disposition (295 Or App 145, 433 P3d 741)
withdrawn, reversed and remanded for entry of judgment allowing the
demurrer October 16, 2019

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# HAROLD WALTER CARTER,
*Defendant-Appellant.*

## Multnomah County Circuit Court
14CR29528; A159493

451 P3d 1046

The state petitions for reconsideration of the Court of Appeals' decision in *State v. Carter*, 295 Or App 145, 433 P3d 741 (2019), wherein it reversed defendant's convictions on two counts due to improper joinder under *State v. Poston*, 277 Or App 137, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488, *rev den*, 361 Or 886 (2017). The state argues only that the Court of Appeals should modify its original disposition to remand for entry of judgment allowing demurrer. *Held*: In light of *State v. Keith*, 299 Or App 355, 450 P3d 1034 (2019), the Court of Appeals allowed for reconsideration and modified the disposition to remand for entry of judgment allowing the demurrer.

Reconsideration allowed; former disposition withdrawn; reversed and remanded for entry of judgment allowing the demurrer.

Edward J. Jones, Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, for respondent's petition.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Allen, Judge pro tempore.

PER CURIAM

Reconsideration allowed; former disposition withdrawn; reversed and remanded for entry of judgment allowing the demurrer.

## PER CURIAM

The state petitions for reconsideration of our decision in *State v. Carter*, 295 Or App 145, 433 P3d 741 (2018), wherein we reversed defendant's convictions on two counts due to improper joinder under *State v. Poston*, 277 Or App 137, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488, *rev den*, 361 Or 886 (2017). In its petition, the state does not challenge our holding that the indictment was improperly joined or that defendant was prejudiced by the improper joinder. However, the state argues that we should "remand for further proceedings on the indictment, because more than one possible remedy for the pleading error is available to the court." After the state filed its petition, we issued our opinion in *State v. Keith*, 299 Or App 355, 450 P3d 1034 (2019), in which we discussed the proper disposition when a defendant has been harmed by improper joinder. Given *Keith*, we allow the petition for reconsideration and affirm our original disposition reversing both convictions, but modify our disposition to remand for entry of judgment allowing the demurrer.

In *Keith*, we acknowledged that "our dispositional tagline" in cases dealing with improper joinder "has varied." 299 Or App at 360. Indeed, in some cases, we reversed without a remand, and in others, we reversed and remanded for entry of judgment allowing demurrer. Ultimately, in *Keith*, we allowed for reconsideration, and, in part, modified the disposition to remand for entry of judgment allowing the demurrer. *Id.* We explained:

> "ORS 135.660 provides, '[u]pon considering the demurrer, the court shall give judgment, either allowing or disallowing it, and an entry to that effect shall be made in the register.' Additionally, ORS 135.670(1) provides that '[i]f the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to.' As [*State v. Warren*, 364 Or 105, 129-30, 430 P3d 1036 (2018)] indicated, 'when a defendant establishes a proper ground for a demurrer to an indictment, the defendant is entitled to entry of a judgment on the indictment.'"

*Id.*

The defendant in *Keith* was "entitled to a judgment on the indictment, and the current post-trial judgment [did] not suffice." *Id.* The same is true in this case.

Reconsideration allowed; former disposition withdrawn; reversed and remanded for entry of judgment allowing the demurrer.