No. 1054 December 10, 2025 497

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL RAY LEVITT,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR10843; A180776

Kathie F. Steele, Judge.

Argued and submitted December 19, 2024.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Dan Levitt filed the supplemental briefs *pro se*.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Pagán, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Reversed and remanded.

**POWERS, P. J.**

In this criminal proceeding, defendant entered a conditional guilty plea to first-degree aggravated theft, ORS 164.057, second-degree robbery, ORS 164.405, unauthorized use of a vehicle, ORS 164.135, and fleeing or attempting to elude a police officer, ORS 811.540(1)(b)(A), reserving his right to challenge the trial court's rulings on a demurrer and the state's motion to amend the indictment. On appeal, defendant advances two assignments of error and a *pro se* supplemental assignment of error that contend that the trial court erroneously allowed the state to amend the indictment by interlineation after having allowed defendant's demurrer to language identifying the statutory basis for joinder. The state remonstrates that the trial court correctly allowed the state to amend the indictment to correct a deficiency in form after it orally allowed the demurrer "with leave to re-plead." After reviewing the record, we agree with defendant's argument and reverse and remand.

The background facts are procedural in nature and uncontested. The state charged defendant with an 11-count indictment that alleged that the offenses were of the same or similar character based on the same act or transaction. Defendant demurred to the indictment, arguing that it failed to comply with ORS 132.560, including that the state's allegation of the bases for joinder was not sufficiently specific. *See State v. Poston*, 277 Or App 137, 144-45, 370 P3d 904 (2016), *adh'd to on recons*, 285 Or App 750, 399 P3d 488, *rev den*, 361 Or 886 (2017) (concluding that a charging instrument must show on its face the basis for joinder in the language of the joinder statute or facts sufficient to establish compliance with the joinder statute). The trial court allowed defendant's demurrer and explained, "I'll grant the demurrer, with leave to re-plead." The parties and the court then discussed whether the deputy district attorney would file a proposed order amending the indictment, and defendant took the position that the case was effectively dismissed and that the state would have to return to the grand jury. Although the court disagreed with defendant's position, the trial court ultimately signed and entered an order that "grant[ed the] demurrer w/leave to amend [the] indictment."

Defendant later entered a conditional plea that reserved his ability to challenge the court's ruling on the demurrer and the state's motion to amend. This timely appeal follows.

On appeal, defendant contends that, although the trial court granted the state leave to amend the indictment, instead of requiring it to the return to the grand jury, once the trial court allowed the demurrer, ORS 135.670 dictates that the case was effectively dismissed. In defendant's view, the indictment was no longer in effect and there was nothing for the state to amend. The state agrees on appeal that the court correctly allowed the demurrer; however, it argues that the trial court permissibly allowed it to amend the indictment. That is, in the state's view, the court may allow the state to cure any deficiency—when it is one of form, not substance—by amendment rather than resubmitting the case to the grand jury. As explained below, because the court signed an order allowing the demurrer, it should have entered a judgment dismissing the case.

The resolution of this case involves the interplay between ORS 135.660 and ORS 135.670. Thus, we turn to the customary statutory interpretive framework articulated in *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). Our "paramount goal" is to ascertain the intent of the legislature that enacted the disputed provision. *Id*. We determine that intent by examining the text, in context, and the legislative history "where that legislative history appears useful to the court's analysis." *Id*. at 172.

ORS 135.660 provides that, "[u]pon considering the demurrer, the court shall give judgment, either allowing or disallowing it, and an entry to that effect shall be made in the register." ORS 135.670, provides, in full:

"(1)   If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

"(2)   If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. If

> the case is not resubmitted or refiled within that time, the defendant shall be discharged from custody or the release agreement discharged or the security deposit returned as provided in ORS 135.680."

Taken together, if a trial court grants a demurrer—or to track the language of ORS 135.660 "allows" the demurrer—it shall "give judgment" and "an entry to that effect shall be made in the register." Here, the trial court's signed order allowed the demurrer and made the entry in the trial court record. The effect of that decision, as provided by ORS 135.670, is that the ruling "is final upon the accusatory instrument" and "is a bar to another action" unless specified criteria listed in ORS 135.670 are met.

The text of ORS 135.670, in context, supports defendant's contention. As noted, the legal effect of allowing a demurrer is that the judgment is "final upon the accusatory instrument" and bars another action for the same crime, unless the trial court determines that the deficiency can be avoided in a "new accusatory instrument" and allows the case to be "resubmitted or refiled." ORS 135.670; *see also State v. Keith*, 299 Or App 355, 360, 450 P3d 1034 (2019) (remanding for entry of judgment allowing the demurrer based on improper joinder because the "defendant is entitled to a judgment on the indictment, and the current post-trial judgment does not suffice").

We have explained that the terms "resubmitted or refiled," as opposed to "amended," in ORS 135.670 show "that the action is to be begun anew." *State v. Picard*, 37 Or App 483, 486, 587 P2d 514 (1978). If the trial court allows a demurrer and "does not allow the case to be resubmitted or an amended complaint or information filed," an in-custody defendant must be discharged, a released defendant's release agreement must be discharged, and any security returned to the defendant. ORS 135.680. If the court allows a demurrer and allows the state to resubmit or refile the case, the defendant must either remain in custody or, if already released, the release agreement or any security deposited continues to ensure that the defendant appears to "answer a new indictment or information, if one is filed." ORS 135.690; ORS 135.540. Thus, in our view, the statutory framework

contemplates that, upon allowing a demurrer to an indict-ment, the state resubmitting or refiling a case results in a "new indictment," not an amended indictment.

An action cannot result in a "new indictment" if the original indictment is still pending.[1] Thus, the plain text of ORS 135.670 establishes that, upon allowing a demurrer to an indictment, the trial court must enter a "final judgment" in the register, *i.e.*, dismiss the indictment, and decide whether the deficiency in the accusatory instrument can be cured so as to allow the state to begin the action "anew," or if the deficiency is fatal to the action.

The state argues that, even if a demurrer to an indictment based upon a substantive deficiency must result in dismissal, a deficiency of form does not require such out-come. It relies on *State v. Haji*, 366 Or 384, 419-20, 462 P3d 1240 (2020), to argue that the failure to comply with joinder pleading requirements is not a matter of substance; rather, in its view, it is a matter of form, which it asserts can be cor-rected or added to by amendment of an existing indictment by interlineation. To support its argument, the state also points to ORS 135.715, which provides:

> "No accusatory instrument is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

According to the state, if the deficiency is one of form and not substance, the state may amend the indictment at any time without resubmitting the case to the grand jury. Defendant

---

[1] In *State v. Miller*, 254 Or 244, 250, 458 P2d 1017 (1969), the Supreme Court interpreted "another action" in ORS 135.670 to refer to a "subsequent proceeding and not to a prior valid proceeding then pending." The court determined that the allowance of a demurrer to an indictment did not preclude the state from proceed-ing on an underlying information that alleged the same crime but did not include the same deficiency. *Id.* Relying on *Miller*, the state argues that the ORS 135.670 statement that the "judgment is final" upon allowing a demurrer means only that in the event that the deficiency requires dismissal because it is fatal to the indict-ment, the state must have the court's permission to initiate a new action, not that the allowance of a demurrer necessarily results in dismissal. However, *Miller* is inapposite to this case because in *Miller*, there was an underlying information on which the state could validly proceed—a "prior valid proceeding then pending." Here, the indictment is the only accusatory instrument, and if dismissed, there was no other pending proceeding on which the state could proceed.

does not dispute that under *Haji*, joinder language consti-
tutes a matter of form that the state may amend, but he
points out that, unlike here, the state in *Haji* moved to
amend the indictment before the defendant filed a demur-
rer, and the court denied the defendant's demurrer. *Haji*,
366 Or at 387-88.

We reject the state's argument that the trial court
must treat a demurrer differently when the grounds for
demurrer are based on a deficiency of form rather than
substance. ORS 135.630 provides the grounds for demur-
rer, which include both deficiencies in form and substance.[2]
Importantly, ORS 135.670 does not differentiate between
deficiencies based on form or substance, and it provides a
single remedy: a final judgment on the accusatory instru-
ment. Interpreting the demurrer statute as the state advo-
cates seemingly would render it ineffective as applied to
issues of form, which would also render the inclusion of
deficiencies of form in ORS 135.630 meaningless. Such an
interpretation runs contrary to the legislature's intent. *See
State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*,
339 Or 230 (2005) (explaining that "we assume that the leg-
islature did not intend any portion of its enactments to be
meaningless surplusage"). Further, *Haji* does not address
the effect of an allowed demurrer based on deficient joinder,
and the procedural posture of the case was such that it did
not present an issue like the one here.

_____

[2] ORS 135.630 provides:

"The defendant may demur to the accusatory instrument when it appears
upon the face thereof:

"(1) If the accusatory instrument is an indictment, that the grand jury by
which it was found had no legal authority to inquire into the crime charged
because the same is not triable within the county;

"(2) If the accusatory instrument is an indictment, that it does not sub-
stantially conform to the requirements of ORS 132.510 to 132.560, 135.713,
135.715, 135.717 to 135.737, 135.740 and 135.743;

"(3) That the accusatory instrument charges more than one offense not
separately stated;

"(4) That the facts stated do not constitute an offense;

"(5) That the accusatory instrument contains matter which, if true,
would constitute a legal justification or excuse of the offense charged or other
legal bar to the action; or

"(6) That the accusatory instrument is not definite and certain."

To the extent that the state's argument suggests that the failure to sufficiently state the grounds for joinder in an indictment "does not tend to the prejudice of the substantial rights of the defendant upon the merits," ORS 135.715, we reject that argument as well. The Supreme Court has explained that the disallowance of a demurrer based on improper joinder may be prejudicial in a multitude of ways. *State v. Warren*, 364 Or 105, 132-33, 430 P3d 1036 (2018) (explaining that improper joinder can cause prejudice such as if evidence was admissible that would not have otherwise been admissible, "if the defendant would testify regarding some charges but not others, if the defendant's defenses to the charges could be viewed as inconsistent, if the evidence of one charge might improperly influence the jury's verdicts on other charges, or if the evidence could confuse the jury").

The state also contends that defendant's demurrer challenged only part of the indictment and, therefore, the entire indictment need not be dismissed. *See State v. Ferrell*, 315 Or 213, 224, 843 P2d 939 (1992) (observing that a defect in an indictment that affects only sentencing enhancement factor did not affect the validity of entire indictment and require dismissal). In our view, however, the state's failure to adequately allege the basis for joinder affected the entire indictment. An indictment may charge only one offense unless the state adequately alleges the basis for the joinder of the offenses. ORS 132.560. We agree with defendant's contention that, "[a]lleging that joinder is improper is, in effect, alleging that the indictment is invalid to the extent it charges more than one offense." *See Warren*, 364 Or at 114 (explaining that when read together, "the joinder and demurrer statutes establish a pleading requirement and a means for enforcing that requirement. The joinder statute requires that an indictment charge only one offense, unless an exception applies").

In short, the plain text of ORS 135.670 requires the trial court to dismiss an indictment upon allowing a demurrer applicable to the entire indictment. We do not imply that the state could not have amended the indictment by interlineation to fix the insufficient joinder pleading had the demurrer not been allowed. We hold only that, given our statutory

analysis of ORS 135.670, when a trial court allows a demurrer that affects the entire indictment, as it did in this case, it must enter a final judgment dismissing the indictment.

Finally, as noted earlier, defendant's convictions were the result of a conditional guilty plea under ORS 135.335(3), which provides that a defendant "who finally prevails on appeal may withdraw the plea." Under those circumstances, we have consistently declined to engage in a harmless error analysis. *See, e.g.*, *State v. Page*, 290 Or App 562, 567, 415 P3d 1139 (2018) (so stating and observing that the legislature left the choice to the defendant to withdraw the conditional plea). Further, consistent with the statutory framework for conditional pleas, we reverse and remand the judgment of conviction so that defendant may decide whether to withdraw his plea.

Reversed and remanded.